A. Donald DAVIES, Bishop of the Episcopal Diocese of Dallas, Relator,

v.

Frank A. MASSEY, Chief Justice et al., Respondents.

No. B–7139.

Supreme Court of Texas.

Jan. 18, 1978.

Golden, Potts, Boeckman & Wilson, H. David Herndon, Dallas, for relator.

Robert M. Huey, Austin, for respondents.

CHADICK, Justice.

Relator A. Donald Davies, Bishop of the Episcopal Diocese of Dallas, instituted this mandamus proceeding to require the Justices and Clerk of the Court of Civil Appeals for the Second Supreme Judicial District at Fort Worth to file the transcript and statement of facts tendered by Davies

in his appeal from an adverse judgment in the District Court of Hood County, Texas.

In the underlying cause of action judgment was rendered against Davies by the trial court sitting without a jury on July 14, 1977. No motion for new trial was filed. In order to perfect his appeal to the Court of Civil Appeals, it was necessary and jurisdictional for Davies to have filed a cost bond with the District Clerk within 30 days after rendition of the judgment. Rule 356(a), Texas Rules of Civil Procedure; *Roth v. Maryland American General Insurance Co.*, 454 S.W.2d 779 (Tex.Civ.App.— San Antonio 1970, writ ref'd). Since the thirtieth day, August 13, 1977, was a Saturday, the critical date became Monday, August 15. Rule 4, Texas Rules of Civil Procedure. The transcript shows that Davies' cost bond was not filed until August 23, eight days late. On September 12 the Clerk of the Court of Civil Appeals received the transcript and statement of facts for Davies' appeal. The Clerk notified counsel for Davies that the record would not be filed because it was shown that the cost bond was filed late.

Davies filed a motion with the Court of Civil Appeals to deem the cost bond timely filed under Rule 5, Texas Rules of Civil Procedure, on the ground that it was mailed to the District Clerk more than one day before it was due and received not more than ten days late. Unfortunately, the mailing envelope of the cost bond was not saved by the District Clerk and no one in the office had knowledge of the postmark date.[1]

By affidavit attached to Davies' motion, a secretary to Davies' counsel stated that the cost bond was sent to the District Clerk by first-class United States mail in an envelope properly stamped and addressed on August 5, 1977. It is proper for the Court of Civil Appeals to consider this affidavit in determining its jurisdiction of Davies' appeal. Tex.Rev.Civ.Stat.Ann. art.

---

1. It would be desirable for all court clerks to make provisions to save mailing envelopes when the proviso of Rule 5 is involved for the timely filing of court instruments. Some jurisdictional problems could thereby be avoided.

1822. Davies' motion to deem the cost bond timely filed was overruled by the Court of Civil Appeals and this mandamus was instituted to require that Court to file the appellate record and docket the underlying cause for appeal. The Supreme Court has the power to determine whether the facts in the uncontroverted affidavit are sufficient to confer jurisdiction on the Court of Civil Appeals. *Glidden Co. v. Aetna Casualty & Surety Co.*, 155 Tex. 591, 291 S.W.2d 315, 318 (1956).

 Rule 5 provides, in part, that no court may:

> enlarge the period for taking any action under the rules relating to new trials or motions for rehearing or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in these rules; provided, however, if a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time; provided, however, that a legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Filing a cost bond is unquestionably a "matter relating to taking an appeal" under Rule 5. The filing is a necessary and jurisdictional step in perfecting an appeal. Rules 354, 363, Texas Rules of Civil Procedure; *Roth v. Maryland American General Insurance Co., supra.*

 The secretary's uncontroverted affidavit shows that Davies' cost bond was mailed more than one day before it was due. The District Clerk received the bond not more than ten days late. Davies' cost bond was timely filed and his appeal has been properly perfected. *Gaskin v. Perritt*, 472 S.W.2d 211 (Tex.Civ.App.—Texarkana 1971, no writ).

We assume that the Court of Civil Appeals will comply with this Court's judgment that Davies' appeal has been properly perfected. A writ of mandamus will issue only if it should refuse.