**Guillermo and Danielle DEL CASTILLO, Relators,**

v.

**Honorable Robert L. LOWRY, District Judge, 313th Judicial District Court, Respondent.**

**No. A14-85-256-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1985.

---

Sidney J. Braquet of Washington & Randle, Houston, for relators.

Deborah Wright, Harris County Childrens Protective Services Connie Howell, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

█ This is an original proceeding in which Relator seeks Mandamus against the District Judge directing him to overrule the contest filed by the District Clerk of Harris County and the Harris County Children's Protective Services. The case presents the question of the effect of multiple contests on the time schedule fixed by TEX.R. CIV.P. 355 relating to affidavit of inability to pay costs. We hold that the filing of the *first* contest fixes the time within which the trial court must rule by written order. We agree with Relators that Respondent was not authorized to enter the order of April 23, 1985 sustaining the contest to the

1. All emphasis ours.

Relators' affidavit of inability to pay costs. We conditionally grant the writ.

A judgment terminating the parent-child relationship between Relators and their minor child was entered. Petitioners filed an affidavit of inability to pay costs on April 2, 1985. The first contest of Relator's Affidavit was filed on April 8 by the District Clerk. The Harris County Children's Protective Service filed its contest on April 10. Under our holding, however, this later date is not controlling. The trial court's written order sustaining the contests was signed on April 23. Hearing had been timely held on April 16, but the written order was not entered until seven days later.

Rule 355(e) provides "[i]f no contest is filed in the alloted time, or if no ruling is made on *the* contest within ten days after *its* filing, the allegations of the affidavit shall be taken as true."[1] *Beatty v. Martin,* 690 S.W.2d 94, 95 (Tex.App.—Dallas 1985); *Guetersloh Grain, Inc. v. Wright,* 618 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo 1981, no writ).

█ All parties to this proceeding agree that in order to defeat an affidavit of inability to pay costs, the contest must be ruled upon in writing within 10 days. Mandamus is an appropriate remedy where a trial judge has improperly purported to sustain a contest. *Allred v. Lowry,* 597 S.W.2d 353, 354, n. 2 (Tex.1980).

The Harris County Children's Protective Services presents an ingenious contention based on its contest filed on April 10. It claims that the April 23 order is valid despite the admitted fact that it was entered more than ten days after the contest. The tenth day after the Protective Services' contest was April 20, which was a Saturday. Monday, April 22, 1985 was not a legal holiday but the Harris County Courthouse was closed in recognition of San Jacinto day. Protective Services suggests that there is some question as to the continued viability of *Smith v. Harris County—Houston Ship Channel Navigation District,* 160 Tex. 292, 329 S.W.2d 845, 847

(1959) wherein the Supreme Court held that only those days designated in TEX.REV. CIV.STAT.ANN. art. 4591 were to be considered legal holidays within the meaning of Rule 4. Protective Services argues that since the courthouse was in fact closed that it should have the benefit of Rule 4. We disagree. We adhere to the Supreme Court rule until changed by that court.

■ The written order had only to be signed within the crucial ten day period. *Filing* at the Courthouse is not required. In any event, as stated above, the crucial time in this contest began April 8, the date of filing by the District Clerk. The ten days within which to enter the written order on this contest ended April 18, a date not a holiday by law or in fact.

We anticipate that Respondent will set aside his order of April 23, 1985 purporting to sustain the contest of Relators' Affidavit of Inability to pay costs, and accord Relators relief under Rules 355 and 380. Mandamus will issue only if Respondent fails to do so.

Mandamus conditionally granted.