IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-013-CV





RICHARD CANO,



 APPELLANT


vs.





VETERANS LAND BOARD OF THE STATE OF TEXAS AND NORBERT LEROY

SIMON,


 APPELLEES


 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 19,550, HONORABLE JOHN L. PLACKE, JUDGE



 





PER CURIAM


 Appellant Richard Cano seeks to appeal from a summary judgment of the district
court of Bastrop County in favor of appellees Veterans Land Board of the State of Texas and
Norbert Leroy Simon. We will dismiss the appeal for want of jurisdiction.

 In the underlying cause, the district court granted appellees' motion for sanctions
and ordered that all facts alleged in their original petition be taken as established against appellant. 
See Tex. R. Civ. P. Ann. 215 (Supp. 1991). Appellees then filed a motion for summary
judgment. The district court granted the motion and entered a final judgment on September 5,
1990.

 Pursuant to Tex. R. Civ. P. Ann. 329b(a) (Supp. 1991), appellant was required to
file a motion for new trial on or before October 5, 1990. The motion, however, was filed with
the district clerk on October 8th. The record does not indicate whether appellant mailed the
motion to the district clerk on or before October 5th, thereby enlarging the time pursuant to Tex.
R. Civ. P. Ann. 5 (Supp. 1991). Based on the record before this Court, we conclude that
appellant did not file his motion for new trial timely.

 In the absence of a timely motion, Tex. R. App. P. Ann. 41(a) (Supp. 1990)
required appellant to perfect an appeal on or before October 8th. Apparently assuming the motion
for new trial was timely, appellant made a cash deposit to perfect appeal on December 4th, ninety
days after the judgment was signed. Rule 41(a). Because his motion for new trial was untimely,
the cash deposit was also untimely. The timely filing of a bond, cash deposit, or affidavit in lieu
thereof is jurisdictional. Davies v. Massey, 561 S.W.2d 799 (Tex. 1978). Because appellant
made the cash deposit beyond the specified time, this Court lacks jurisdiction over the appeal. 
Duke v. Lloyd, 584 S.W.2d 742 (Tex. Civ. App. 1979, no writ).

 Even were we to presume that appellant timely filed his motion for new trial
pursuant to Rule 5 and timely perfected the appeal, this Court may dismiss the appeal for failure
to file the transcript within the designated time. If the motion for new trial were timely, the
transcript would have been due on or before January 3, 1991. Tex. R. App. P. Ann. 54(a) (Supp.
1990). The Clerk of this Court received the transcript on January 11. To date, appellant has not
filed a motion for extension of time. Tex. R. App. P. Ann. 54(c) (Supp. 1990). Accordingly,
we may dismiss the appeal for the failure to file a transcript.

 The appeal is dismissed for want of jurisdiction.



[Before Chief Justice Carroll, Justices Jones and Smith]

Dismissed for Want of Jurisdiction

Filed:  March 27, 1991

[Do Not Publish]