**Alicia RAMIREZ, Relator,**

v.

**The Honorable Anne PACKER, Respondent.**

No. D–0808.

Supreme Court of Texas.

April 3, 1991.

Deborah R. Sunderman, Corpus Christi, Mason L. Terry, Austin, for relator.

David J. Nagle, Austin, for respondent.

PER CURIAM.

At issue is whether a trial court may extend the time for ruling on an affidavit of inability to pay costs on appeal, when the extension is granted more than ten days after the original contest to the affidavit is filed. We hold that a trial court may not do so.

Relator Alicia Ramirez was injured at her place of employment when a steel gate on a freight elevator struck her. She then sued the manufacturer of the elevator, Otis Elevator Company. At trial, the jury found against Ramirez on all questions submitted. Ramirez desired to appeal, and she filed on January 9, 1991 an affidavit of inability to pay costs on appeal. On January 11, the court reporter in the case filed a contest to the affidavit, and on January 17 contests were filed by the district clerk and by Otis Elevator Company. On January 22, the trial court conducted a hearing on the contests. On January 28, the trial court signed an order extending the time in which to rule on the contest to Ramirez' affidavit. On February 13, the trial court sustained the contests to the affidavit, de-

nying Ramirez' claim that she was unable to pay costs.

Texas Rule of Appellate Procedure 40(a)(3)(E) governs applicable time periods in which the trial court is required to rule on a contest to an affidavit of inability to pay costs on appeal. The rule provides:

> If no contest is filed in the allotted time, the allegations of the affidavit shall be taken as true. If a contest is filed, the court shall hear the same within ten days after its filing unless the court extends the time for hearing and determining the contest by a signed written order made within the ten day period.... If no ruling is made on the contest within the ten day period or within the period of time as extended by the court, the allegations of the affidavit shall be taken as true.

Tex.R.App.P. 40(a)(3)(E).

In a case in which multiple contests to an affidavit are filed, the filing of the first contest fixes the time within which the trial court must rule on the contests or accept the allegations of the pauper's affidavit as true. *See Del Castillo v. Lowry,* 698 S.W.2d 367 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding). As the first contest in the instant case was filed on January 11, the trial court had ten days from January 11 to rule on the contest or extend the time for doing so. The trial court's order extending the time for ruling on the contest was signed after this ten day period had elapsed. The trial court was without authority to do so; under Rule 40(a)(3)(E) the court had become bound to accept the allegations of the affidavit as true.

Pursuant to Texas Rule of Appellate Procedure 122, a majority of the court, without hearing oral argument, conditionally grants the writ of mandamus. If the trial court fails to rescind its order sustaining the contest of the affidavit of inability to pay costs on appeal, the writ of mandamus will issue.

## ORDER

On the motion for clarification of judgment filed by Relator Alicia Ramirez subsequent to this court's April 2, 1991 per curiam opinion, the court is of the opinion that an extension of time to file statement of facts and transcript should be granted in this cause.

It is hereby ordered that Relator, in her appeal from a case styled *Alicia Ramirez v. Otis Elevator Company,* Cause No. 87–15117–G in the 134th District Court of Dallas County, shall have an extension of time for 90 days from the date of this order to file the statement of facts and transcript in the court of appeals. Further motions for extension of time may be granted by the court of appeals for good cause shown.