IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-620-CV




RIAD ELSOLH MOHAMAD HAMAD,



 APPELLANT


vs.





FRIEDMAN, WEDDINGTON, HANSEN & FISHER; AND 


GARY F. DESHAZO & ASSOCIATES,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 93-03000, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING



 




PER CURIAM



 Appellant Riad Elsolh Mohamad Hamad seeks to appeal from a judgment of the
district court of Travis County dismissing his action against appellees Friedman, Weddington,
Hansen & Fisher and Gary F. DeShazo & Associates. (1) Because the Court concludes that it does
not have jurisdiction over the appeal, we will dismiss the appeal for want of jurisdiction.

 The district court signed the judgment underlying this appeal on September 9,
1993. Hamad timely filed his affidavit of inability to pay costs on appeal on September 24th. See
Tex. R. App. P. 40(a)(3)(A), 41(a)(1). Appellees filed their motion to contest the affidavit of
inability on September 28th. See Tex. R. App. P. 40(a)(3)(C). On October 8th, the district court
timely signed an order granting the motion and sustained the contest to the affidavit of inability
to pay. See Tex. R. App. P. 40(a)(3)(E); Ramirez v. Packer, 807 S.W.2d 728, 729 (Tex. 1991);
Modern Living, Inc. v. Alworth, 730 S.W.2d 444, 446 (Tex. App.--Beaumont 1987, orig.
proceeding).

 Accordingly, Hamad could not pursue his appeal without paying costs and had ten
days from October 8th within which to file a cost bond or make a cash deposit with the district
clerk of Travis County. Tex. R. App. P. 40(a)(3)(F), 41(a)(2); White v. Baker & Botts, 833
S.W.2d 327, 328 (Tex. App.--Houston [1st Dist.] 1992, no writ); Lopez v. Foremost Paving, Inc.,
671 S.W.2d 614, 616 (Tex. App.--San Antonio 1984, no writ). The transcript filed in this cause
includes neither a cost bond nor a certificate of cash deposit. See Tex. R. App. P. 46(a), (b). By
letter dated January 21, 1994, the Clerk of this Court notified the parties of this jurisdictional
defect and advised them that the appeal would be dismissed for want of jurisdiction unless
appellant showed a basis for continuing the appeal. See Tex. R. App. P. 60(a)(2).

 To date, Hamad has not responded and shown that he properly perfected an appeal
after the district court sustained the contest to the affidavit of inability to pay the costs of appeal. 
Filing a cost bond or making a cash deposit is a mandatory and jurisdictional step in perfecting
an appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); Ashmore v. North Dallas Bank
& Trust, 804 S.W.2d 156, 158 (Tex. App.--Dallas 1990, no writ). Because Hamad has not
complied with the Texas Rules of Appellate Procedure and properly perfected his appeal, we are
without jurisdiction. (2) Davies, 561 S.W.2d at 801; Willis v. Texas Dept. of Corrections, 834
S.W.2d 953 (Tex. App.--Tyler 1992, no writ).

 The appeal is dismissed for want of jurisdiction. See Tex. R. App. P. 60(a)(2).


Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: February 16, 1994

Do Not Publish
1. [1] Hamad also sued the State Bar of Texas. On Hamad's motion, the district court dismissed
the claims against the State Bar before rendition of the final judgment.
2. [2] Furthermore, this Court did not receive the transcript until January 14, 1994, more than
sixty days after the trial court signed the final judgment in the cause. See Tex. R. App. P. 54(a),
60(a)(2).