Welch v. Cardwell 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-531-CV





DAVID WELCH,



 APPELLANT


vs.





JERRY CARDWELL,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 92-0-98, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING



 





PER CURIAM

 Appellant David Welch filed an election contest on March 23, 1992, against
appellee Jerry Cardwell over the March 10, 1992, Democratic Party primary election for the
Caldwell County precinct-four constable's office. Welch claims that Cardwell was not lawfully
elected in the primary election because Cardwell did not meet the residency requirements. Tex.
Elec. Code Ann. § 141.001(a)(5) (West 1986). The district court signed its final judgment
denying Welch's claims on June 30, 1992.

 Welch filed the appeal bond with the clerk of the district court on September 25,
1992. The Election Code, however, requires that an appellant in a contest to a primary election
file the perfecting instrument not later than the fifth day after the date the district court's judgment
in the contest is signed. Tex. Elec. Code Ann. § 232.014(b) (West 1986); Bailey v. Clark,
407 S.W.2d 520, 521 (Tex. Civ. App.--Fort Worth 1966, no writ) (interpreting Election Code,
52d Leg., R.S., ch. 492, § 208(11), 1951 Tex. Gen. Laws 1097, 1178 (Tex. Elec. Code Ann.
art. 13.30, since amended and repealed)). The perfecting instrument was, therefore, due not later
than July 6, 1992. Because the perfecting instrument was not timely filed, we must dismiss the
appeal. See Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978).

 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: February 23, 1994

Do Not Publish