**Juanita and Ricardo CORTEZ, Individually and Next Friend of Jennifer Cortez, a minor, Relators,**

v.

**The Honorable Raul LONGORIA, Presiding Judge of the 139th Judicial District Court, Hidalgo County, Texas, Respondent.**

No. 13–94–066–CV.

Court of Appeals of Texas, Corpus Christi.

March 10, 1994.

Ted Rodriguez, Brownsville, Thomas F. Nye, Brin & Brin, Corpus Christi, for interested parties.

Roberto A. Guerrero, McAllen, for relators.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and DORSEY, JJ.

*OPINION*

FEDERICO G. HINOJOSA, Jr., Justice.

By this original mandamus proceeding, relators complain of the respondent trial judge's order granting defendants' motion to contest plaintiffs' affidavit of inability to pay cost bond and order that relators make all payments for their appeal. Relators assert that they are entitled to have the statements made in their affidavit of inability to pay cost bond taken as true because respondent 1) granted the defendants an extension of time to contest the affidavit and 2) ruled on the contest more than ten days after the defen-

dants filed their original contest to the affidavit. Relators assert that respondent's requirement that they file a cost bond is a clear abuse of discretion for which no adequate remedy at law exists. We conditionally grant the petition for writ of mandamus.

Relators' suit against defendants, Pharr–San Juan–Alamo Independent School District and Ramiro Vargas, arose from allegations of sexual molestation. On September 29, 1993, respondent signed a final summary judgment in favor of the defendants. On October 28, 1993, relators filed a motion for new trial. On December 27, 1993, relators filed their affidavit of inability to pay the cost bond. Defendants received notice of the affidavit by certified mail on December 28. On January 11, 1994, defendants filed a motion to contest plaintiffs' affidavit of inability. The defendants alleged by their motion that they missed the filing deadline for a contest because of a clerical error and because they had misplaced their pleadings during the holidays. On January 14, defendants filed an amended motion to contest the affidavit of inability to pay the cost bond and a motion for extension of time to contest the plaintiffs' affidavit of inability. On January 25, twenty-nine days after plaintiffs filed their affidavit of inability to pay the cost bond, the trial judge signed the order granting defendants' contest.

Mandamus issues to correct a clear abuse of discretion or violation of a legal duty when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

Rule 40(a)(3)(E) of the Texas Rules of Appellate Procedure governs the applicable time periods during which the trial court is required to rule on a contest of an affidavit of inability to pay costs on appeal. The rule provides:

> If no contest is filed in the allotted time, the allegations of the affidavit shall be taken as true. If a contest is filed, the court shall hear the same within ten days after its filing unless the court extends the time for hearing and determining the contest by a signed written order made within the ten day period.... If no ruling is

made on the contest within the period of time as extended by the court, the allegations of the affidavit shall be taken as true.

TEX.R.APP.P. 40(a)(3)(E). The filing of the first contest fixes the time during which the trial court must rule on the contest or accept the allegation of the affidavit as true. *Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991).

The initial contest was filed January 11, 1994. The trial court had ten days from January 11 to rule on the contest or extend the time for doing so. The trial court made no ruling within 10 days of January 11. Thus, the contest was overruled by operation of law when the trial court failed to rule or sign an order extending time for the hearing within the ten days. *Jones v. Stayman*, 747 S.W.2d 369, 369 (Tex.1987). According to Rule 40(a)(3)(E), the allegations in relators' affidavit of inability must be taken as true.

The trial court's order extending the time for ruling on the contest was signed after the ten day period provided by Rule 40(a)(3)(E) had elapsed. The trial court was without authority to do so. Under Rule 40(a)(3)(E), the court had no choice but to accept the allegations of the affidavit as true.

The real parties in interest, responding to relators' petition for mandamus, assert that in an effort to save time and expenses for all parties and the Court, they agree to not contest the petition for mandamus and do not object to the relators' appeal of the matter based upon their affidavit of inability to pay the cost bond despite their belief that the allegations in it are unfounded. Additionally, the real parties in interest agree to waive their right to oral argument.

Because of the real parties in interest's response, and because relators have no remedy by appeal, without hearing oral argument, we conditionally grant the writ of mandamus. If the trial court fails to rescind its order sustaining the contest of the affidavit of inability to pay cost bond, the writ of mandamus will issue.