IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-035-CV




A. P. WINTER,



 APPELLANT



vs.





MUSKET CORPORATION; LOVE'S COUNTRY STORES, INC.; HUGH ERIC 


MEADE; AMERI SUITES HOTEL; SUITEMARK, INC. D/B/A AMERI


SUITES HOTEL; RUST/HARRIS, INC; AMERI SUITES, INC.;


RHF, LTD.; AND RH, LTD.,




 APPELLEES




 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 92-14749-A, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING


 





PER CURIAM



 Appellant A. P. Winter seeks to appeal from a judgment of the district court of
Travis County rendered in his suit against appellees Musket Corporation; Love's Country Stores,
Inc.; Hugh Eric Meade; Ameri Suites Hotel; Suitemark, Inc. d/b/a Ameri Suites Hotel; Rust
Harris, Inc.; Ameri Suites, Inc.; RHF, Ltd.; and RH, Ltd. Winter timely filed an affidavit of
inability to pay the costs of appeal (1) on December 20, 1993. See Tex. R. App. P. 40(a)(3),
41(a)(1). Because Winter did not comply with the notice requirements of Texas Rule of Appellate
Procedure 40(a)(3)(B), he is unable to prosecute the appeal without paying costs. We will dismiss
the appeal for want of jurisdiction.

 On receipt of the transcript, the Clerk of this Court notified the parties, by letter
dated January 26, 1994, that a review of the transcript raised several questions about this Court's
jurisdiction over the appeal. See Tex. R. App. P. 60(a)(2). The first of these questions concerned
the absence of a signed, written order in response to the contests to Winter's affidavit of inability
to pay. Musket Corporation and Love's Country Stores, Inc. (collectively "Musket") and Meade
timely filed contests to Winter's affidavit on December 29 and 30, 1993. See Tex. R. App. P.
40(a)(3)(C).

 Texas Rule of Appellate Procedure 40(a)(3)(C) requires a trial court to rule on a
contest to an affidavit of inability to pay the costs of appeal within ten days after the contest is
filed or within the period of time as extended by a timely, written order of the court. Ramirez v.
Packer, 807 S.W.2d 728, 729 (Tex. 1991). The ten-day period within which to sign either an
order sustaining or overruling the contests or an order extending the time began to run on
December 29, the date on which Musket filed the first contest. Id.; Lovall v. West, 859 S.W.2d
544, 545 (Tex. App.--Houston [1st Dist.] 1993, orig. proceeding). Although Musket filed a
motion to extend the time for a hearing on the contests, the trial court did not rule on the motion
and did not extend the time within which to hold a hearing and sign an order. (2)

 The trial court did hold a hearing on January 6, within the Rule 40(a)(3)(C) time
limits. The trial court did not, however, sign a written order until January 13, more than ten days
after Musket filed its contest. The court was then bound to accept the allegations of the affidavit
as true. Ramirez, 807 S.W.2d at 729. The trial court's oral ruling at the January 6 hearing was
insufficient. Only a signed, written order is effective. Modern Living, Inc. v. Alworth, 730
S.W.2d 444, 446 (Tex. App.--Beaumont 1987, orig. proceeding); Shaffer v. U.S. Cos., 704
S.W.2d 411, 412 (Tex. App.--Dallas 1985, no writ). Consequently, the trial court order of
January 13 was ineffective to sustain the contests to Winter's affidavit of inability to pay the costs
of appeal. See Ramirez, 807 S.W.2d at 729; Shaffer, 704 S.W.2d at 412.

 Nevertheless, Winter may not prosecute his appeal without paying costs. See
Wheeler v. Baum, 764 S.W.2d 565, 566 (Tex. App.--Houston [1st Dist.] 1988, orig. proceeding);
Fellowship Missionary Baptist Church, Inc. v. Sigel, 749 S.W.2d 186, 188 (Tex. App.--Dallas
1988, no writ). Texas Rule of Appellate Procedure 40(a)(3)(B) provides, "The appellant . . .
shall give notice of the filing of the affidavit . . . to the court reporter of the court where the case
was tried within two days after filing; otherwise, he shall not be able to prosecute the appeal
without paying the costs or giving security therefor." (Emphasis added). See Jones v. Stayman,
747 S.W.2d 369, 369-70 (Tex. 1987); Wheeler, 764 S.W.2d at 566.

 The transcript includes a document titled "Declaration of Service by Mail" that
states that the affidavit was served on persons named on an attached list. The list does not include
the court reporter. In her affidavit submitted with Musket's letter of February 10, 1994, the court
reporter states that she did not receive any notice of the filing of the initial or amended affidavit. 
Winter has not addressed the notice question in response to this Court's inquiries, but has filed
a motion requesting an extension of time to file a statement of facts. See Dodson v. Stevens
Transp., 776 S.W.2d 800, 802 (Tex. App.--Dallas 1989, no writ) (failure to notify court reporter
irrelevant if appellant to appeal without statement of facts and does not request preparation of
statement of facts); Sanders v. Texas Employers Ins. Ass'n, 775 S.W.2d 762, 763 (Tex. App.--El
Paso 1989, no writ) (lack of notice to court reporter will not destroy jurisdiction in appeal from
summary judgment in which statement of facts not necessary on appeal).

 The notice provision of Rule 40(a)(3)(B) is mandatory; the failure to give notice
to the court reporter precludes a party from prosecuting an appeal without paying or giving
security or the costs of appeal. Matlock v. Allstate Ins. Co., 729 S.W.2d 960 (Tex. App.--Corpus
Christi, no writ); Bantuelle v. Renfroe, 620 S.W.2d 635, 637 (Tex. App.--Dallas 1981, no writ). 
Winter may not, therefore, prosecute his appeal without filing a cost bond or making a cash
deposit with the district clerk of Travis County.

 Winter (3) did make a cash deposit with the district clerk of Travis County on January
18, 1994, within ten days of the trial-court order sustaining the contests to his affidavit. See Tex.
R. App. P. 41(a)(2); Shaffer, 704 S.W.2d at 412. Winter may not, however, rely on the
certificate of cash deposit to perfect his appeal. Wheeler, 764 S.W.2d at 566; Sigel, 749 S.W.2d
at 189. Because the trial court signed the order sustaining the contests to the affidavit untimely,
the affidavit was sustained as a matter of law. Nevertheless, Winter is unable to prosecute the
appeal without paying the costs of appeal because he did not comply with the notice provision of
Texas Rule of Appellate Procedure 40(a)(3)(B). Under these circumstances, the cash deposit
would perfect an appeal only if filed within the time in which to perfect an appeal. Because
Winter made the cash deposit more than thirty days after the trial court signed a final judgment,
the deposit is untimely. Tex. R. App. P. 41(a)(1). We are, therefore, without jurisdiction over
the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); Willis v. Texas Dept. of
Corrections, 834 S.W.2d 953 (Tex. App.--Tyler 1992, no writ).

 Winter has filed several motions in the appeal: (1) a motion for an extension of
time to submit statements of fact, (2) a motion for an extension of time within which to file his
brief, (3) a motion for a disciplinary hearing and order for declaratory relief, and (4) a motion for
fact findings regarding the parties settlement. Because we are without jurisdiction over the
appeal, we dismiss each of these motions. We overrule, however, his motion seeking to have trial
counsel pay costs.


 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: April 20, 1994

Do Not Publish
1. [1] Winter filed his affidavit "In Support of the Claim of Exemption of a Surety Bond/Fee as
a Pauper upon the Notice of Motion and Motion for Appeal of Judgment" on December 20, 1993,
and filed an amended affidavit on January 7, 1994. We will refer to the affidavits as affidavits
of inability to pay the costs of appeal. See Tex. R. App. P. 40(a)(3).
2. [2] Musket responded to this Court's letters of January 26, 1994, and February 7, 1994, by
letter dated February 10, 1994. Attached to that letter is the affidavit of Musket's counsel stating
facts regarding the hearing on the contests. Because no party has controverted the affidavit, we
will consider its recitation of the facts as true. See generally Tex. Gov't Code Ann. § 22.220(c)
(West 1988) (court of appeals may ascertain matters of fact necessary to proper exercise of
jurisdiction); Tex. R. App. P. 19(d).
3. [3] The certificate of cash deposit states that "the Appellant, A. P. Winter, Marion Winter,
James Winter, and Kimberly Winter" made a cash deposit in the amount of $1000. Because only
A. P. Winter timely filed an affidavit of inability to pay the costs of appeal, the record shows no
basis on which any party other than A. P. Winter may have perfected an appeal pursuant to Texas
Rule of Appellate Procedure 41(a)(2). If Marion Winter, James Winter, and Kimberly Winter are
considered to have perfected an appeal based on the erroneous certificate of cash deposit, the
appeal of theses three appellants is dismissed for want of jurisdiction. See Tex. R. App. P.
41(a)(1).