Cumbow v. TGSLC 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-281-CV





MICHAEL E. CUMBOW,



 APPELLANT


vs.





TEXAS GUARANTEED STUDENT LOAN CORPORATION,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY



NO. 156,843, HONORABLE MICHAEL SCHLESS, JUDGE PRESIDING


 




PER CURIAM


 This Court filed appellant Michael Cumbow's transcript, from which it appears that
Cumbow seeks to appeal in a bill-of-review proceeding. We will dismiss the appeal for want of
jurisdiction.

 The transcript reflects that appellee Texas Guaranteed Student Loan Corporation
sued Cumbow on a note in 1987. The county court at law signed a default judgment against
Cumbow on October 30, 1987, which resolved all claims the Corporation had against Cumbow. 
In April 1994, Cumbow filed a petition against the Corporation in the same court, complaining
that the Corporation had denied him proper notice of its suit and praying that the court dismiss
the judgment against him. In May 1994, Cumbow filed a "Notice of Appeal and Perfecting
Appeal Bond," in which he states that he desires to appeal the default judgment of October 30,
1987. (1) The transcript does not show that the county court at law ever rendered a judgment
disposing of Cumbow's suit against the Corporation.

 The Clerk of this Court notified Cumbow that the time to appeal the judgment of
October 30, 1987, had passed and that the judgment was no longer subject to review by appeal. 
The Clerk asked Cumbow to tender a supplemental transcript by September 12, 1994, to include
a judgment disposing of Cumbow's suit against the corporation. As of this date, Cumbow has not
complied.

 With certain exceptions not applicable here, an appellate court has jurisdiction of
an appeal only from a final judgment. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014
(West 1986 & Supp. 1994); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.
1966). A final judgment must be appealed within the time required by the appellate rules, and
an attempt to perfect appeal past that time does not confer jurisdiction on the appellate court. Tex.
R. App. P. 41(a)(1), 45; Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). The judgment
signed on October 30, 1987, is final on its face. Because the time to perfect an ordinary appeal
expired thirty days later and to perfect an appeal by writ of error six months later, Cumbow's
attempt to perfect an appeal from the 1987 judgment in May 1994 is ineffective. Davies, 561
S.W.2d at 801.

 Further, Cumbow has not shown this Court that the county court at law rendered
any judgment in the proceeding he began in April 1994. While a bill of review can be brought
to attack a judgment after the time for an appeal has expired, the bill of review must result in its
own judgment. Kessler v. Kessler, 693 S.W.2d 522, 525 (Tex. App.--Corpus Christi 1985, writ
ref'd n.r.e.); see Tex. R. Civ. P. 329b(f). An appeal of the bill-of-review proceeding is,
therefore, premature.

 Because the judgment of October 30, 1987, is no longer appealable and because
no final judgment has been rendered in the proceeding Cumbow initiated in April 1994, we
dismiss the appeal for want of jurisdiction. Tex. R. App. P. 56(a), 60(a)(2).


Before Chief Justice Carroll, Justices Jones and Kidd;

 Chief Justice Carroll Not Participating

Dismissed for Want of Jurisdiction

Filed: October 19, 1994

Do Not Publish

1.   Because our determination in this cause rests on the lack of an appealable judgment,
we do not address the defects in Cumbow's perfecting instrument.