Ellis v. Endsley 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00772-CV







Ouida K. Ellis, Appellant



v.



Lola R. Endsley, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT 


NO. 20,827, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING







PER CURIAM 


 Appellant Ouida Ellis attempts to appeal the trial court's judgment rendered after
she was served citation by publication. See Tex. R. Civ. P. 109. The trial court signed the
judgment in favor of appellee Lola Endsley on April 15, 1993. Ellis, who had answered the
petition through an appointed attorney ad litem, thereafter had two years within which to file a
motion for new trial. Tex. R. Civ. P. 329(a). Ellis filed her motion for new trial on July 11,
1994.

 Because the motion for new trial was filed more than thirty days after the judgment
was signed, the appellate timetable began to run from the date the motion for new trial was filed. 
Tex. R. Civ. P. 306a(7); see 6 Richard Orsinger, Texas Civil Practice § 30:4, at 596 (1992 ed.). 
Ellis therefore had thirty days from July 11, or until August 10, to perfect her appeal unless her
request for findings of fact and conclusions of law extended the time for perfection. Tex. R. App.
P. 41(a)(1). While a request for findings of fact was due twenty days from July 11, or August
1, Ellis did not file her request until September 30. Tex. R. Civ. P. 296, 306a(7). Ellis was
therefore required to perfect an appeal by August 10.

 On October 5, 1994, Ellis filed an affidavit of inability to give cost bond. Because
Ellis filed her affidavit more than thirty days after she filed her motion for new trial, the affidavit
was untimely. (1) Tex. R. Civ. P. 306a(7); Tex. R. App. P. 41(a). We are therefore without
jurisdiction over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); Willis v. Texas
Dep't of Corrections, 834 S.W.2d 953, 953 (Tex. App.--Tyler 1992, no writ).

 We dismiss the appeal for want of jurisdiction.


Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 1, 1995

Do Not Publish

1.   Although the transcript does not show that Ellis notified the court reporter that she
filed an affidavit of inability to give cost bond, we do not address this defect in light of Ellis'
untimely perfection of appeal.