Dumas v. Brown 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00206-CV







John R. Dumas and Sara L. Dumas, Appellants



v.



James Brown, Appellee







NO. 03-95-00207-CV







John R. Dumas and Sara L. Dumas, Appellants



v.



JJ Builders, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NOS. 93-11375 & 93-11375-A, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM



 Appellants John Dumas and Sara Dumas attempt to appeal the trial court's
judgments resolving their disputes against appellees JJ Builders, Inc., and James Brown. We must
determine which of several orders constitutes the trial court's final judgment and whether the
Dumases timely appealed that judgment.

 Both appeals arise from an agreement for JJ to build a house for the Dumases. The
Dumases, alleging that JJ had failed to comply with the construction plans, halted work on the
house before it was finished. JJ then sued the Dumases for breach of contract. The Dumases
counterclaimed, seeking damages for deceptive trade practices and attorney's fees. The Dumases
also cross-claimed against Brown, the president of JJ, alleging deceptive trade practices and
seeking attorney's fees.

 The trial court subsequently ordered the cause to alternative dispute resolution, but
excepted from the order the Dumases' claim against Brown for deceptive trade practices. The
Dumases amended their cross-claim following the trial court's order to add claims against Brown
for real estate fraud, negligent misrepresentation, and negligence. Both JJ and Brown amended
their pleadings to allege that the Dumases' claims against them were groundless and brought in
bad faith or to harass. After the arbitrator awarded JJ $14,000 and the Dumases $20,500, JJ and
Brown jointly moved the trial court to render judgment on the arbitration award. In their motion,
Brown asserted that the arbitrator's ruling as to JJ was dispositive of any claim the Dumases had
against him. JJ and Brown prayed that the trial court deny the Dumases any recovery against
Brown and deny them any recovery against JJ beyond that awarded by the arbitrator.

 On December 15, 1994, the trial court signed a judgment confirming the arbitration
award. The court expressly denied all relief not specifically granted. No party requested the
court to reconsider or modify its order. 

 On February 10, 1995, the trial court signed an order severing the claims between
JJ and the Dumases into a new cause, numbered 93-11375-A, and leaving the claims between the
Dumases and Brown in the original cause, numbered 93-11375. On March 1, 1995, the trial court
vacated the order signed February 10 and ordered that the judgment signed December 15 was the
final judgment. The trial court signed a second judgment on the same day dismissing with
prejudice the Dumases' claims against Brown and, again, ordering that the December 15 judgment
was the final judgment.

 On March 10, 1995, the Dumases filed their appeal bond in trial-court cause
number 93-11375, to appeal the March 1 judgment dismissing their claims against Brown. The
Clerk docketed this appeal as number 3-95-206-CV. Also on March 10, the Dumases filed a bond
in trial-court cause number 93-11375-A to appeal the February 10 order severing their cause of
action against JJ. The Clerk docketed this appeal as number 3-95-207-CV.

 The Dumases have timely appealed only if the final judgments were those signed
on February 10 and March 1. Their appeal bonds are ineffective to perfect an appeal from the
judgment signed December 15, which had to be perfected by January 17. Tex. R. App. P. 41(a). 
In response to the Clerk's letter questioning the timeliness of their appeals, the Dumases
emphasize the failure of the December 15 judgment to address all claims: they note that the
arbitrator addressed only the claims between JJ and the Dumases and assert that the order
confirming the arbitrator's award went no further.

 To the contrary, JJ and Brown's motion to confirm the award placed all parties
before the trial court and sought to have the Dumases' remaining claims against both of them
dismissed with prejudice. The court recited in the December 15 judgment that both JJ and Brown
were entitled to judgment confirming the arbitration award. By ordering that all relief not
specifically granted was denied, the trial court manifested its intent to dispose of all parties and
all claims. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993). If this judgment erroneously
granted more relief than was proper, the Dumases' remedy was to timely appeal it. Id.

 We conclude that the judgment signed December 15 was the final judgment for both
appeals. Because the December 15 judgment was a final judgment and because the Dumases did
not file a timely motion for new trial, the trial court's plenary power expired on January 17. Tex.
R. Civ. P. 329b(d). The orders signed after January 17 accordingly had no effect. Because the
Dumases failed to timely appeal the December 15 judgment, we dismiss their appeals for want of
jurisdiction. Tex. R. App. P. 60(a)(2); Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). 
In light of this disposition, we dismiss the Dumases' motions to extend the time to file a brief in
each appeal.


Before Chief Justice Carroll, Justices Aboussie and Jones

Dismissed for Want of Jurisdiction on Both Causes

Filed: May 31, 1995

Do Not Publish