Dominguez v. Bundrant 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00165-CV

Jaime Dominguez, Appellant

v.

Jack Bundrant, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. A-95-0134-C, HONORABLE DICK ALCALA, JUDGE PRESIDING

PER CURIAM

 Jaime Dominguez attempts to appeal a judgment dismissing for want of prosecution his suit
against appellee Jack Bundrant. The trial court signed the judgment of dismissal on October 24, 1995. 
Dominguez was required to perfect an appeal thirty days later, or by November 27. Tex. R. App. P.
41(a)(1). He instead perfected appeal on March 11, 1996. Dominguez states within his perfecting
instrument that the trial court did not give him notice of the dismissal. 

 The Clerk of this Court notified Dominguez that to rely on late notice of the judgment to
delay the start of the appellate timetable, he needed to have received notice within ninety days after the
judgment was signed, or January 22, 1996. Tex. R. Civ. P. 306a(4); Tex. R. App. P. 5(b)(4). The Clerk
further informed Dominguez that he needed to establish in the trial court the date he received notice. Tex.
R. Civ. P. 306a(5); Tex. R. App. P. 5(b)(5). Dominguez has failed to respond and show that he has
complied with the rules concerning late notice of judgment.

 Because Dominguez filed his perfecting instrument more than thirty days after the judgment
was signed, his instrument was untimely. Tex. R. App. P. 41(a). We are, therefore, without jurisdiction
over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); Willis v. Texas Dep't of
Corrections, 834 S.W.2d 953, 953 (Tex. App.--Tyler 1992, no writ). We dismiss the appeal for want
of jurisdiction.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: November 20, 1996

Do Not Publish