TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00310-CV







Inga Oehlerich, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 98-04086, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM

 Inga Oehlerich seeks to appeal the trial court's judgment dismissing her suit against
appellee Texas Department of Protective and Regulatory Services. We will dismiss the appeal for
want of jurisdiction.

 Oehlerich petitioned the trial court to appoint her managing conservator of her five
grandchildren, who she asserted were temporarily under the managing conservatorship of the
Department. The Department filed a combined answer and counter-petition. In its petition, the
Department alleged that James McGuire was the biological father of one of the children, Chynna
Oehlerich. The Department asked the court to decree that no parent-child relationship exists
between Chynna and McGuire, to terminate any rights McGuire has as Chynna's alleged biological
father, and to terminate any parent-child relationship between the two. The Department asked to
be appointed managing conservator of Chynna and asserted that appointing Oehlerich managing
conservator would not be in Chynna's best interest. The Department filed its answer and petition
on May 8, 1998.

 On May 11, the trial court signed an order that granted the Department and attorney
ad litem's motion to dismiss for lack of standing and that dismissed Oehlerich's petition with
prejudice. On June 5, Oehlerich filed a notice of appeal.

 Although the court disposed of all claims asserted by Oehlerich, it did not address
all claims advanced by the Department. Further, because only three days elapsed between the date
the Department filed its petition and the date the court signed the order, we cannot treat the court's
failure to address the Department's claims against McGuire as a discontinuance. See Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962) (when one party to suit is not served
and does not answer, and nothing shows plaintiff expected to serve him, suit is considered
discontinued as to that party and judgment disposing of all other parties is treated as final). We
do not presume that a judgment dismissing a cause for lack of standing is final. North E. Indep.
Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897 (Tex. 1966). Because the Department's claims
against McGuire remain unadjudicated, the trial court has not yet rendered a final judgment. This
Court lacks jurisdiction over a judgment that is not final. Davies v. Massey, 561 S.W.2d 799, 800
(Tex. 1978).


 We therefore dismiss the appeal for want of jurisdiction. See Tex. R. App. P.
42.3(a). We dismiss Oehlerich's motion requesting oral argument.


Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: October 22, 1998

Do Not Publish



r">


NO. 03-98-00310-CV







Inga Oehlerich, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 98-04086, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM

 Inga Oehlerich seeks to appeal the trial court's judgment dismissing her suit against
appellee Texas Department of Protective and Regulatory Services. We will dismiss the appeal for
want of jurisdiction.

 Oehlerich petitioned the trial court to appoint her managing conservator of her five
grandchildren, who she asserted were temporarily under the managing conservatorship of the
Department. The Department filed a combined answer and counter-petition. In its petition, the
Department alleged that James McGuire was the biological father of one of the children, Chynna
Oehlerich. The Department asked the court to decree that no parent-child relationship exists
between Chynna and McGuire, to terminate any rights McGuire has as Chynna's alleged biological
father, and to terminate any parent-child relationship between the two. The Department asked to
be appointed managing conservator of Chynna and asserted that appointing Oehlerich managing
conservator would not be in Chynna's best interest. The Department filed its answer and petition
on May 8, 1998.

 On May 11, the trial court signed an order that granted the Department and attorney
ad litem's motion to dismiss for lack of standing and that dismissed Oehlerich's petition with
prejudice. On June 5, Oehlerich filed a notice of appeal.

 Although the court disposed of all claims asserted by Oehlerich, it did not address
all claims advanced by the Department. Further, because only three days elapsed between the date
the Department filed its petition and the date the court signed the order, we cannot treat the court's
failure to address the Department's claims against McGuire as a discontinuance. See Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962) (when one party to suit is not served
and does not answer, and nothing shows plaintiff expected to serve him, suit is considered
discontinued as to that party and judgment disposing of all other parties is treated as final). We
do not presume that a judgment dismissing a cause for lack of standing is final. North E. Indep.
Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897 (Tex. 1966). Because the Department's claims
against McGuire remain unadjudicated, the trial court has not yet rendered a final judgment. This
Court lacks jurisdiction over a judgment that is not final. Davies v. Massey, 561 S.W.2d 799, 800
(Tex. 1978).


 We therefore dismiss the appeal for want of jurisdiction. See Tex. R. App. P.
42.3(a). We dismiss Oehlerich's motion requesting oral argument.