# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00430-CV

**Alexander G. Fedorov, Appellant**

**v.**

**Cecilia Fedorov, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 10-1363-FC2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

In this cause, Alexander G. Fedorov has perfected an appeal from an order in a suit affecting the parent-child relationship. Incident to that appeal, on June 18, 2014, Fedorov filed an affidavit of indigence under Texas Rule of Appellate Procedure 20.1, seeking to proceed without advance payment of costs.[1] As Rule 20.1 permits, both the court reporter and appellee timely filed contests to Fedorov's affidavit in the trial court, the former on June 19, the latter on June 24.[2] On June 27, the trial court timely held an evidentiary hearing on the contests.[3] However, the trial court

---

[1] *See* Tex. R. App. P. 20.1(a)(2), (b), (c).

[2] *See id*. R. 20.1(e)(1) ("[T]he clerk . . . or any party may challenge an affidavit [of indigence] by filing . . . a contest to the affidavit . . . within 10 days after the date when the affidavit was filed if the affidavit was filed in the trial court.").

[3] *See id*. R. 20.1(i)(2) ("The trial court must either conduct a hearing or sign an order extending the time to conduct a hearing . . . within 10 days after the contest was filed, if initially filed in the trial court.").

did not sign an order regarding the contests until July 8—more than ten days after each contest had been filed[4]—when it signed an order sustaining the contests. Fedorov has now filed a motion challenging the trial court's order.[5] He assails the sufficiency of the evidence supporting the trial court's ruling, the court's "admission of uncertified document(s) into evidence," and the timing of the trial court's ruling. We are compelled to agree with Fedorov's complaint regarding the timing of the ruling and do not reach the others.

Rule 20.1 requires that "[u]nless—within the period set for the hearing—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true."[6] The "period set for hearing" here was presumptively "within 10 days after the contest was filed."[7] However, Rule 20.1 authorized the trial court to extend the time for conducting the hearing for up to 20 days.[8] But to invoke this extension mechanism, Rule 20.1 required that the trial court "*sign an order extending the time to conduct a hearing . . .* within 10 days after the contest was filed," i.e.,

---

[4]  *Cf. id*. R. 20.1(i)(4). Under a former version of the appellate rules, the Texas Supreme Court held that "the filing of the first contest fixes the time within which the trial court must rule" in a contest of indigency. *See Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991) (per curiam). Because the trial court's order in this case was signed more than ten days after both contests, we need not decide which one triggered the deadline here.

[5]  *See* Tex. R. App. P. 20.1(j).

[6]  *See id.* R. 20.1(i)(4).

[7]  *Id.* R. 20.1(i)(2).

[8]  *Id.* R. 20.1(i)(3).

2

sign an order extending the hearing time within the same ten-day deadline within which it was otherwise required to hold the hearing.[9]

In its July 8 order, the trial court preceded its ruling on the contests with the statement that "[a]t the conclusion of the [June 27] hearing, the Court needed more information to make a decision," which was perhaps intended to invoke Rule 20.1's extension mechanism. But because it did not sign an order to this effect within the original ten-day deadline for conducting the hearing, any purported extension in its July 8 order was an abuse of discretion and without effect. Consequently, the court's ruling on the contests was not "within the period set for the hearing" as Rule 20.1 requires, and Fedorov's "affidavit's allegations [are] deemed true."[10]

It follows, according to Rule 20.1, that Fedorov must "be allowed to proceed without advance payment of costs," including requiring that "the trial court clerk and the court reporter must prepare the appellate record without prepayment."[11] To that extent, we reverse the trial court's order and order that Fedorov be allowed to proceed without advance payment of costs, as required by Rule 20.1.

Alongside his motion challenging the trial court's order under Rule 20.1, Fedorov also requests a "free" appellate record (i.e., no potential obligation ever to pay for it), as opposed to merely the right to proceed without *advance prepayment* for the appellate record as Rule 20.1 allows.

---

[9] *Id.* R. 20.1(i)(2) (emphasis added).

[10] *Id*. R. 20.1(i)(4); *Mayfield v. Harris Cnty.*, No. 14-12-00308-CV, 2013 Tex. App. LEXIS 4976, at *3-6 (Tex. App.—Houston [14th Dist.] Apr. 23, 2013, no pet.) (mem. op.) (per curiam) (reaching the same conclusion on similar facts).

[11] *Id*. R. 20.1(i)(4), (k), (n).

Whether Fedorov is entitled to a free appellate record is governed by section 13.003 of the Civil Practice and Remedies Code, which requires Fedorov to obtain certain additional findings beyond merely a Rule 20.1-compliant affidavit.[12] To the extent Fedorov's entitlement to a free appellate record is properly before us in this proceeding under Rule 20.1, he has not shown that he obtained the additional findings required for such relief.[13] In either case, we deny Fedorov's motion for a free appellate record.

It is ordered July 25, 2014.

Before Justices Puryear, Pemberton, and Rose

---

[12] *See* Tex. Civ. Prac. & Rem. Code § 13.003; *Schlapper v. Forest*, 272 S.W.3d 676, 677-78 (Tex. App.—Austin 2008, pet. denied).

[13] *See Schlapper*, 272 S.W.3d at 677-78; *see also* Tex. R. App. P. 20.1(m) ("If a party who has proceeded in the appellate court without having to pay all the costs is later able to pay some or all of the costs, the appellate court may order the party to pay costs to the extent of the party's ability.").