**Motion Granted and Trial Court's Order Reversed; Opinion Filed October 20, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-01117-CV

### DWIGHT BELL, DEBORAH BELL, AND BOB BELL, Appellants

### V.

### KAREN LYNN HARRIS, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-00107-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Justice Stoddart

Appellant, Dwight Bell, seeking to proceed in this appeal without prepayment of costs as contemplated under Texas Rule of Appellate Procedure 20.1, has filed a motion for review of the trial court's order sustaining the court reporter's contest to his September 14, 2015 affidavit of indigence. *See* TEX. R. APP. P. 20.1(a),(j). The court reporter timely contested Bell's affidavit on September 17, 2015, two days after the district clerk filed her contest. *See id.* 20.1(e)(1). Only the court reporter's contest was argued at the hearing.

We review a trial court's order sustaining a contest to an affidavit of indigence for abuse of discretion. *Jackson v. Tex. Bd. of Pardons and Paroles*, 178 S.W.3d 272, 275 (Tex. App.— Houston [1st Dist.] 2005, no pet.). We will conclude the trial court abused its discretion if it

acted without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *See id.* When, as here, multiple contests to an affidavit are filed, the trial court has ten days from the filing of the first contest to sign an order either sustaining the contest or extending the time for hearing it. *See* TEX. R. APP. P. 20.1(i)(2),(4); *Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991). If the trial court fails to do either within the ten day period, the allegations in the affidavit are deemed true, and the party filing the affidavit of indigence is allowed to proceed on appeal without prepayment of costs. *See* TEX. R. APP. P. 20.1(i)(4).

Based on the September 15th filing date of the district clerk's contest, the trial court had until September 25th to sign the order sustaining the contests or extending the time for hearing them. *See* TEX. R. APP. P. 20.1(i)(2),(4); *Ramirez*, 807 S.W.2d at 729. The trial court, however, did neither. Rather, the trial court signed the order sustaining the court reporter's contest October 6, 2015.

Because the trial court ruled on the contest outside the permissible time period, the trial court abused its discretion in sustaining the contest and Bell is allowed to proceed with this appeal without advance payment of costs. *See* TEX. R. APP. P. 20.1(i)(4). We grant Bell's motion and reverse the trial court's order.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

151117F.P05