**QUICK LINE CORPORATION, Appellant,**

v.

**WARD JACKSON, INC., Appellee.**

No. 04-87-00415-CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1988.

Martha A. Castrejana, John Killian & Associates, San Antonio, for appellant.

Carmen Ramos, Laredo, for appellee.

Before BUTTS, REEVES, and CHAPA, JJ.

## OPINION

BUTTS, Justice.

■ This is a petition for writ of error. The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); TEX.R.APP.P. 45.

Appellee, Ward Jackson, Inc. asks this court to dismiss the petition as untimely. We agree that appellant, Quick Line Corporation, has failed to meet the first requisite of a petition for writ of error, *supra.*

Ward Jackson filed suit on a sworn account against Quick Line on April 8, 1986. Quick Line was served on May 5, 1986. On June 16, 1986, the trial court pronounced judgment in favor of Ward Jackson, Quick Line having failed to appear. According to Quick Line's brief to this court, Quick Line filed a Motion to Transfer and an original answer on June 20, 1986.[1] The trial court signed the judgment on June 23, 1986. This document, in the preamble, called the judgment a "summary" judgment.

On December 13, 1986, Ward Jackson filed a Motion for Judgment nunc pro tunc to correct as error the phrase "summary judgment." The motion asked that the court correct the judgment to accurately reflect the judgment pronounced as a default judgment. After notice, the trial court corrected the original "summary judgment" to read "default judgment" on January 20, 1987. Quick Line petitions this court from nunc pro tunc judgment of January 20, 1987 by way of writ of error.

■ TEX.R.CIV.P. 316 permits the trial court to correct clerical errors[2] in the

---

1. The motion to transfer and original answer are not found in the record before this court.

2. Clerical errors are termed "clerical mistakes" by TEX.R.CIV.P. 316.

judgment at any time. A "clerical error" is one which does not result from judicial reasoning or determination for purpose of determining whether error may be corrected by nunc pro tunc order. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986). It is the rule that after a judgment has become final, the trial court may only correct clerical errors by nunc pro tunc judgment and may not correct judicial errors. *Id.* In this case, on June 16, 1986, the trial court rendered a default judgment because Quick Line failed to appear. The trial court signed a judgment designated as "summary judgment." This was a wrong form of judgment, contrary to the judgment previously rendered. *See Truelove v. Truelove,* 266 S.W.2d 491 (Tex.Civ.App.—Amarillo 1953, writ ref'd n.r.e.) (reformation of judgment by nunc pro tunc order proper where trial judgment signed and entered wrong form of judgment).

There are three controlling rules to be applied. The first is TEX.R.CIV.P. 329b(h):

> If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed, but if a correction is made pursuant to Rule 316 after the expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment. (Amendment in 1988 simply deleted reference to Rule 317, which has been repealed.)

The second rule of import is TEX.R.CIV. P. 306a(6):

> 6. Nunc pro tunc order. When a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316, the periods mentioned in paragraph (1) of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original document.

The third is TEX.R.APP.P. 5(c):

> (c) Nunc Pro Tunc Order. In civil cases, when a corrected judgment has been signed after expiration of the court's ple-

nary power pursuant to Rule 316 or 317 [rule 317 has been repealed] of the Texas Rules of Civil Procedure the periods mentioned in subparagraph (b)(1) of this rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original judgment.

In the present case the complaint on the attempted appeal is the same that could have been heard on appeal from the original judgment. The trial court acted to correct the judgment only as to a clerical error; this was a proper nunc pro tunc judgment (to call it a default judgment and not a summary judgment). The record reflects that in June, 1986, the attorney for appellee filed a notice of appellant's address, as required under TEX.R.CIV.P. 239a where there is a default judgment.

This case is similar to *Cavalier Corp. v. Store Enterprises, Inc.,* 742 S.W.2d 785 (Tex.App.—Dallas 1987, no writ) wherein that trial court corrected the name in that judgment after its plenary power was lost. It was a proper nunc pro tunc judgment. Therefore, an attempted appeal from that judgment nunc pro tunc was error because the corrected judgment (clerical error) was entered outside the trial court's plenary jurisdiction. The court noted the established rule that a judgment which is corrected in any respect starts the time for appeal rerunning *so long as the correction is made within the time period of the plenary power of the court.* The Dallas Court dismissed that appeal for want of jurisdiction.

The referenced rules, *supra,* distinguish the situation where the period of time of the court's plenary power is past, where the correction in the judgment is made pursuant to Rule 316, and where the complaint could have been presented in an appeal from the original judgment. In that situation appeal does not lie from the corrected judgment. The time is not enlarged to permit such an appeal.

Since the trial court no longer possessed plenary power to make substantive changes in the judgment, no new matter from which to appeal could possibly be

contained in the new judgment. Even if it were so contained, that last judgment would be void since the trial court lacked that power to substantively modify the judgment. In this case the only appeal lay from the original judgment. Under our rules, Quick Line was precluded from appealing the nunc pro tunc judgment. The appeal is dismissed for want of jurisdiction.