Juan **GONZALEZ, Jr.,** Appellant,

v.

**DOCTORS HOSPITAL—EAST LOOP**
and Dr. Carlos Ferrari, Appellees.

No. 01–91–00302–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1991.

Porfirio F. Diaz, Houston, for appellant.

D. Wayne Clawater, James R. Old, Jr., Steven M. Gonzales, Houston, for appellees.

Before TREVATHAN, C.J., and DUGGAN and DUNN, JJ.

OPINION

PER CURIAM.

This is an appeal from summary judgments granted in favor of appellees. Appellees filed a motion to dismiss the appeal for want of jurisdiction.

On December 11, 1989, the trial court granted summary judgment in favor of Dr. Ferrari. On January 10, 1990, appellant filed an original motion for new trial, though the judgment was interlocutory. On June 14, 1990, the trial court granted summary judgment for Doctors Hospital. The judgment became final as to all issues

and all parties on this date. The motion for new trial was overruled on June 27, 1990.

 Appellant contends that a nunc pro tunc order signed by the trial court on December 4, 1990 commenced the time period for perfecting his appeal. We disagree. The nunc pro tunc order corrected the plaintiff's name from "John Gonzales, Jr." to "Juan Gonzales, Jr." in the caption of the summary judgment granted in favor of Doctors Hospital. It is clear that this was a clerical correction. To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986). A nunc pro tunc order does not extend the time for perfecting an appeal. *Cavalier Corp. v. Store Enter., Inc.,* 742 S.W.2d 785, 787 (Tex.App.—Dallas 1987, writ denied). Rule 5(c) of the Texas Rules of Appellate Procedure provides:

> when a corrected judgment has been signed after expiration of the court's plenary power pursuant to Rule 316 or 317 of the Texas Rules of Civil Procedure, the period mentioned ... in the rule shall run from the date of signing the corrected judgment with respect to any complaint that would not be applicable to the original judgment.

If the trial court corrects a mistake by judgment nunc pro tunc after expiration of the court's plenary power, the court of appeals has no authority to hear any complaint that could have been presented in an appeal from the original judgment. *Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 704 (Tex.App.—Houston [1st Dist.] 1986, no writ). Appellant's points of error pertained to the original judgment and could have been presented in an appeal from that judgment. *See, e.g., Gonzales v. Rickman,* 762 S.W.2d 277, 278 (Tex.App.—Austin 1988, no writ).

Under Texas Rule of Appellate Procedure 41(a)(1), appellant had 90 days from the date the judgment was signed to perfect appeal by either filing a cost bond or affidavit of inability to pay costs. This time period began to run on June 14, 1990 and expired on September 12, 1990. Appellant's affidavit of inability to pay costs of appeal was filed on October 25, 1990. Further, appellant failed to seek an extension of time to perfect his appeal, as permitted by Texas Rule of Appellate Procedure 41(a)(2).

The time period for filing a cost bond or affidavit of inability is jurisdictional. *Wadkins v. Diversified Contractors,* 714 S.W.2d 136, 137 (Tex.App.—Houston [1st Dist.] 1986, no writ). This Court does not have authority to entertain an appeal when the appellant has not timely perfected the appeal. *McDonald v. Newmyer,* 775 S.W.2d 652, 653 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

The appeal is dismissed for want of jurisdiction.