IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-143-CV





GLENDA F. HODGES,



 APPELLANT


vs.





UNIVERSITY FEDERAL CREDIT UNION,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 217,293, HONORABLE STEVE RUSSELL, JUDGE PRESIDING



 





PER CURIAM



 Appellant Glenda F. Hodges seeks to appeal from a judgment of the county court
at law of Travis County rendered in favor of appellee University Federal Credit Union. On
March 16, 1994, the Clerk of this Court filed a document titled "Appeal of Appellant Glenda F.
Hodges" and docketed the appeal. See Tex. R. App. P. 18, 57(a). The Clerk notified Hodges,
by letter, that an appeal is properly perfected in compliance with Texas Rules of Appellate
Procedure 40 and 41 and that, unless she complied with the applicable rules, the appeal was
subject to dismissal. Tex. R. App. P. 60(a)(2). Because Hodges has not shown that this Court
has jurisdiction over the appeal, we will dismiss the appeal.

 Based upon the information contained in the document filed, Hodges was required
to perfect her appeal by March 21. Tex. R. App. P. 41(a). The transcript was due to be filed in
this Court by April 18; a motion for extension of time within which to file the transcript was due
by May 2. Tex. R. App. 54(a), (c). To date we have received neither a transcript nor a motion
for extension of time within which to file the transcript.

 An appellate court may dismiss an appeal for the failure to file a transcript. Tex.
R. App. P. 54(a); Western Credit Co. v. Olshan Enters., Inc., 714 S.W.2d 137, 138 (Tex.
App.--Houston [1st Dist.] 1986, no writ). Furthermore, in the absence of a transcript, the record
does not show that Hodges filed a cost bond or affidavit of inability to pay the costs of appeal or
give security therefor, or made a cash deposit with the county clerk of Travis County and, thus,
perfected her appeal. If she has not done so, this Court has not acquired jurisdiction over the
appeal. Willis v. Texas Dept. of Corrections, 834 S.W.2d 953, (Tex. App.--Tyler 1992, no writ);
Gonzalez v. Doctors Hosp.--East Loop, 814 S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.]
1991, no writ); see Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978) (filing a cost bond is
necessary and jurisdictional step in taking appeal). Accordingly, we must dismiss the appeal for
want of jurisdiction. Davies, 561 S.W.2d at 801; Willis, 834 S.W.2d at 953; Gonzalez, 814
S.W.2d at 537.

 The appeal is dismissed for want of jurisdiction.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: May 25, 1994

Do Not Publish