IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-180-CV





RANDOLPH I. MCCALLA, SR.,



 APPELLANT


vs.





MARION C. MCCALLA,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT



NO. C93-828B, HONORABLE ANTONIO CANTU, JUDGE PRESIDING



 





PER CURIAM



 Appellant Randolph I. McCalla, Sr. ("McCalla") seeks to appeal from the final
decree of divorce rendered in the proceeding between him and appellee Marion C. McCalla. On
April 11, 1994, the Clerk of this Court filed a document titled "Petition for Reverse of Decision
in Comal County for Reference Causes Numbered C930668A & C93-0828B" and docketed the
appeal. See Tex. R. App. P. 18, 57(a). The Clerk notified McCalla, by letter, that an appeal is
properly perfected in compliance with Texas Rules of Appellate Procedure 40 and 41 and that,
unless he complied with these rules, the appeal was subject to dismissal for want of jurisdiction. 
Tex. R. App. P. 60(a)(2). Because McCalla has not shown that this Court has jurisdiction over
the appeal, we will dismiss the appeal.

 Based upon the information contained in the document filed, McCalla was required
to perfect his appeal by April 20, 1994. Tex. R. App. P. 41(a). The transcript was due to be
filed in this Court by May 20; a motion for extension of time within which to file the transcript
was due by June 6. Tex. R. App. P. 54(a), (c). To date we have received neither a transcript nor
a motion for extension of time within which to file the transcript.

 An appellate court may dismiss an appeal for failure to file the transcript. Tex. R.
App. P. 54(a); Western Credit Co. v. Olshan Enters., Inc., 714 S.W.2d 137, 138 (Tex.
App.--Houston [1st Dist.] 1986, no writ). Furthermore, without a transcript, the record before
the appellate court does not show that McCalla filed a cost bond or affidavit of inability to pay
the costs of appeal or give security therefor, or made a cash deposit with the district clerk of
Comal County and, thus, perfected his appeal. If he has not done so, this Court has not acquired
jurisdiction over the appeal. Willis v. Texas Dept. of Corrections, 834 S.W.2d 953 (Tex.
App.--Tyler 1992, no writ); Gonzalez v. Doctors Hosp.--E. Loop, 814 S.W.2d 536, 537 (Tex.
App.--Houston [1st Dist.] 1991, no writ); see Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)
(filing cost bond is necessary and jurisdictional step in taking appeal). Accordingly, we must
dismiss the appeal for want of jurisdiction. Davies, 561 S.W.2d at 801; Willis, 834 S.W.2d at
953; Gonzalez, 814 S.W.2d at 537.

 The appeal is dismissed for want of jurisdiction.


Before Justices Powers, Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: June 22, 1994

Do Not Publish