TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00161-CV







Alvin Dean Young, Appellant



v.



Paul Hastings and Hays County Commissioners Court, Appellees







FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 93-0746, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








PER CURIAM



 Appellant Alvin Dean Young seeks to appeal from an order of dismissal rendered
in his suit against appellees Paul Hastings and the Hays County Commissioners Court. On March
24, 1995, the Clerk of this Court filed Young's motion for an extension of time to file a brief and
docketed the appeal. See Tex. R. App. P. 57(a). By letter dated March 27, the Clerk asked
Young to supplement the motion with the date the trial court signed its judgment and the date on
which he filed any motion for new trial. Young provided the date of the trial court judgment but
did not indicate whether he filed a motion for new trial or a request for findings of fact and
conclusions of law. Because we have not received a transcript, we will dismiss the appeal.

 In his motion and supplement, Young states that he filed a notice of appeal on
February 6, 1995, and also filed an affidavit of inability to pay the costs of appeal. Assuming that
he did not file a motion for new trial or a request for findings of fact and conclusions of law, the
transcript was due to be filed in this Court by March 28; a motion for an extension of time within
which to file the transcript was due by April 12. Tex. R. App. P. 54(a), (c). To date we have
received neither a transcript nor a motion for an extension. (1)

 An appellate court may dismiss an appeal for the failure to file a transcript. Tex.
R. App. P. 54(a); Natividad v. Ford Motor Co., No. 08-95-00036-CV (Tex. App.--El Paso Mar.
30, 1995, no writ h.); Western Credit Corp. v. Olshan Enters., Inc., 714 S.W.2d 137, 138 (Tex.
App.--Houston 1986, no writ); Furthermore, without a transcript, the record does not show that
Young has properly perfected an appeal. If he has not done so, this Court has not acquired
jurisdiction over the appeal. Willis v. Texas Dep't of Corrections, 834 S.W.2d 953. 953 (Tex.
App.--Tyler 1992, no writ); Gonzalez v. Doctors Hosp.--E. Loop, 814 S.W.2d 536, 537 (Tex.
App.--Houston [1st Dist.] 1991, no writ); see Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)
(filing a cost bond is necessary and jurisdictional step in taking appeal). Accordingly, we must
dismiss the appeal for want of jurisdiction. Davies, 561 S.W.2d at 801; Willis, 834 S.W.2d at
953; Gonzalez, 814 S.W.2d at 537. The appeal is dismissed.

 Because we dismiss the appeal, we also dismiss Young's motion for an extension
of time.


Before Justices Powers, Kidd and B. A. Smith

Dismissed

Filed: May 31, 1995

Do Not Publish
1. [1] On April 14, the Clerk notified Young, by letter, that the transcript was overdue and that
the appeal was subject to dismissal. See Tex. R. App. P. 60(a)(2). The letter also asked Young
to notify the Clerk whether he had filed a motion for new trial. The Clerk mailed this letter to
a facility of the Texas Department of Criminal Justice--Institutional Division in Hays County,
which forwarded the letter to a second address. The letter was returned to this Court with the
notation "Insufficient Address."