TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00324-CV






Stephen C. Kuhns, Appellant



v.



Ann Weaver Hart, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 354,420, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 







 Stephen Kuhns, pro se, appeals from a January 29, 1997 order modifying
conservatorship of his son J.K., who was born September 16, 1982. The district court appointed
Ann Weaver Hart, J.K.'s mother, permanent managing conservator and Kuhns permanent
possessory conservator. We will affirm the district court's order.


Background


 In December 1984, Kuhns and Hart divorced. In January 1996, after several
modifications, Hart was serving as J.K.'s temporary managing conservator when Kuhns filed a
motion to modify the parent-child relationship. Kuhns asked to be appointed J.K.'s temporary
managing conservator based upon J.K.'s affidavit stating that he wanted Kuhns to serve as his
managing conservator. Apparently, no further proceedings occurred until December 1996, when
the Texas Department of Protective and Regulatory Services (DPRS) filed a petition in
intervention seeking appointment as temporary managing conservator of J.K. until a further
hearing could be held in the suit. On January 6, 1997, the court appointed Child Protective
Services (CPS) J.K.'s temporary managing conservator and Kuhns and Hart temporary possessory
conservators. Kuhns did not file a motion for new trial or object to this order. 

 On January 10, the district court held a hearing and considered among other things
J.K.'s desire to have Hart and not Kuhns serve as his permanent managing conservator. Before
the court issued a signed order, Kuhns objected to the January 10 proceeding and asked for a new
trial. Later, on January 29, the district court by written order (1) vacated and set aside the
temporary orders of January 6; (2) dismissed the DPRS as a party and J.K.'s attorney and his 
guardian ad litem for J.K.; (3) appointed Hart permanent managing conservator; and (5) appointed
Kuhns permanent possessory conservator. 


Discussion


 Kuhns complains about various aspects of the January 29 order. Kuhns designated
nine issues in his brief filed with this Court on August 3, 1999, and eight issues in his
supplemental brief filed August 30. (1) We have grouped Kuhns's complaints and will discuss them
in five categories (1) the state of the record; (2) error in the style of the January 29 order; (3) the
appointment of Hart as J.K.'s permanent conservator; (4) child support; and (5) contempt.


Complaints About the Record

 Initially, Kuhns complains that he is entitled to a new trial because the appellate
record is not complete. See generally Tex. R. App. P. 34. 

 Kuhns filed his notice of appeal on April 23, 1997, and timely requested the record. 
After the clerk's and reporter's records were filed, Kuhns complained that unspecified portions
of the reporter's record were missing. In an attempt to resolve the disputed state of the record,
this Court ordered the district court to conduct a hearing and determine whether portions of the
record were missing. On January 26, 1998, the district court entered an order and determined
that it could not resolve the record dispute for three reasons: (1) the record was compiled over
a long period of time and, because several judges had been involved in the case, no one judge had
personal knowledge of what the record should reflect; (2) "Kuhns'[s] personality disorder makes
it impossible to ascertain from him what may be missing, if anything"; and (3) Hart lacked the
financial resources to fight the continuous litigation, was virtually without counsel, and was of
limited assistance in ascertaining what may be missing from the record, if anything. In an attempt
to avoid a new trial, the district court ordered a "trusted deputy clerk" to search for any portion
of the record that may not have been forwarded to this Court. The district court also instructed
the court reporters who may have made records to forward them to this Court. 

 Upon receiving the district court's order, this Court recognized that to require
reversal, missing portions of the record must be necessary to resolve the appeal. See Tex. R.
App. P. 34.6(f). Unable to determine whether missing portions of the record, if any, were
necessary to resolve the appeal, this Court ordered Kuhns to include a section in his appellate brief
titled "The Substance of the Missing Reporter's Record" in addition to the standard sections. This
Court asked Kuhns to detail the evidence, testimony and actions he believed occurred and were
not reported and explain why they would be necessary to resolve his appeal. 

 Kuhns did not comply with this Court's order and failed to set out the requested
section in his briefs or explain substantively the alleged missing portions of the record and why
they would be necessary to resolve the appeal. Because Kuhns has not demonstrated whether the
missing portions, if any, are necessary, this category of complaints is overruled. 


Clerical or Judicial Error

 Kuhns contends that he is entitled to a new trial because the style of the January
29 order reflects that it was "in the district court of Travis County, Texas 126th judicial district." 
Kuhns complains that there was no motion or order transferring the suit affecting the parent-child
relationship from the 299th district court to the 126th district court, therefore, the 126th lacked
jurisdiction to hold the January 10 hearing and the resulting January 29 order was void. Kuhns
bases this complaint solely on the fact that the January 29 order reflects that it was "in the district
court of Travis County, Texas 126th judicial district" rather than the 299th district court. Hart
responds that this was a correctable clerical error. See Tex. R. Civ. P. 316.

 All pleadings and motions filed since the petition for divorce and all orders
rendered through the January 6 order occurred in the 299th district court. The hearing on January
10 was "called" in the 299th, the style shown on the reporter's record of the January 10 hearing
reflects the 299th on the cover, Kuhns responded to the petition in intervention in the 299th, and
Kuhns filed objections to the January 29 order by filing them in the 299th district court. 

 The test to determine if an error was clerical or judicial, is to ask whether the error
was the result of judicial reasoning and determination. See Gonzalez v. Doctors Hosp.--East Loop,
814 S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.] 1991, no writ). If so, then the error is
judicial and not clerical. Id. We conclude that the error in the style of the district court's January
29 order was a correctable clerical error and not a substantive judicial error requiring reversal of
the district court's order. See Tex. R. Civ. P. 316. At no time before filing his appellate brief
did Kuhns mention the error. When Kuhns raised the issue for the first time in his appellate brief
contending that it constituted reversible error, the attorney ad litem, whom the district court asked
to prepare the order, requested that the judge correct the clerical error to show the 299th district
court rather than the 126th district court. We conclude that the error in the style of the January
29 order is not a reversible judicial error but is a correctable clerical error. This category of
complaints is overruled.


Conservatorship

 Kuhns contends that the district court impermissibly changed J.K.'s conservatorship
in its January 29 order from what had been ordered by another district judge on January 6. Kuhns
argues that because no evidence was introduced at the January 10 hearing there was nothing to
substantiate the order.

 The January 6 order was only a temporary order of conservatorship. The January
10 hearing resulted after CPS requested that it be dismissed as J.K.'s temporary managing
conservator. Neither Kuhns nor Hart objected to CPS's request. Once the district court dismissed
CPS as temporary managing conservator, a new conservatorship order was necessary. At the
January 10 hearing the district judge interviewed J.K., who at the time was fourteen years old.
Additionally, the district judge asked the parties, "How well do you all function? We [sic] can
you go off the record?" Without any objection, the parties continued their discussions with the
judge off the record. 

 The court may modify an order of conservatorship of a child twelve years of age
or older if the child has filed in writing the name of the person who is the child's choice for
managing conservator and the court finds that the appointment is in the best interest of the child.
See Tex. Fam. Code Ann. § 156.101 (West 1996). The best interest of the child shall always be
the court's primary consideration when determining issues of conservatorship, possession and
access to the child. See Tex. Fam. Code Ann. § 153.002 (West 1996). In a proceeding involving
questions of conservatorship of a child, the court has broad discretion in determining what is in
the child's best interest. Voros v. Turnage, 856 S.W.2d 759, 760 (Tex. App.--Houston [1st Dist.
1993, writ denied). Appellate courts will not disturb a district court's judgment regarding
conservatorship unless it appears after reviewing the entire record that the district court abused
its discretion. Id. (citing Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982)). The test for
abuse of discretion is whether the trial judge acted without reference to any guiding rules or
principles; in other words, whether the act was arbitrary or unreasonable. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990).

 We conclude that the district court did not abuse his discretion in naming Hart
permanent managing conservator. Based upon the reporter's record of the hearing, while it
appears that evidence was not formally presented to the court, the district judge interviewed J.K.
and discussed the issues with the parties off the record. Kuhns did not object to going off the
record. Additionally, the court had at his disposal the case file which included information about
the parties since their divorce in 1984. The file reflected a long succession of court orders and
evidence admitted at various hearings that reflected the track records of the both Kuhns and Hart. 
Since this appeal was filed, J.K. has filed an affidavit with the district court stating that he wants
to live with his mother and not his father. Additionally, in the affidavit he asks his father to cease
his litigation efforts. 

 After reviewing the entire record we conclude that the district court did not abuse
his discretion. The category of complaints regarding the appointment of Hart as J.K.'s permanent
managing conservator is overruled. 


Child Support

 Kuhns also complains that the district court erred by reducing his child support
obligation from $300 per month payable to CPS to $175 per month payable to Hart. A child
support order will not be disturbed on appeal unless the complaining party can show a clear abuse
of discretion. Worford, 801 S.W.2d at 109; Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex.
App.--Austin 1996, no writ). The district court's ruling was based on (1) what Kuhns said he
thought was reasonable; (2) his rate of pay; (3) minimum wage; and (4) Kuhns's representation
that he could afford to have the child live with him and it "would cost him at least $175 a month
extra." We conclude that Kuhns has not shown that the district court abused his discretion in
lowering Kuhns's child support obligation to $175 per month. The category of complaints
regarding child support is overruled.

Contempt

 Kuhns complains about a finding of contempt. The finding about which he
complains, however, was made in the January 6 order. Because the January 29 order vacated the
January 6 order, there no longer exists a finding of contempt. Kuhns's complaint about contempt
is overruled.


Conclusion


 As a result of the January 29 order, the parties were restored to the status quo that
had existed since 1993, Kuhns's child support obligation was substantially diminished, his citation
for contempt was removed, and he was given greatly increased possession and access to J.K. than
was afforded to him under the temporary orders of January 6 and under the orders that were in
place before then. We affirm the district court's order. 



 


 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish
1.   Kuhns attempts to assert yet another point of error by way of a second supplemental brief
received on October 5. Kuhns filed no motion for leave to file such brief. This cause was under
submission on October 5. We granted Kuhns's motion to file his first supplemental brief. We
will not file the brief received on October 5 or consider the point of error raised therein.



 644 S.W.2d 449, 451 (Tex. 1982)). The test for
abuse of discretion is whether the trial judge acted without reference to any guiding rules or
principles; in other words, whether the act was arbitrary or unreasonable. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990).

 We conclude that the district court did not abuse his discretion in naming Hart
permanent managing conservator. Based upon the reporter's record of the hearing, while it
appears that evidence was not formally presented to the court, the district judge interviewed J.K.
and discussed the issues with the parties off the record. Kuhns did not object to going off the
record. Additionally, the court had at his disposal the case file which included information about
the parties since their divorce in 1984. The file reflected a long succession of court orders and
evidence admitted at various hearings that reflected the track records of the both Kuhns and Hart. 
Since this appeal was filed, J.K. has filed an affidavit with the district court stating that he wants
to live with his mother and not his father. Additionally, in the affidavit he asks his father to cease
his litigation efforts. 

 After reviewing the entire record we conclude that the district court did not abuse
his discretion. The category of complaints regarding the appointment of Hart as J.K.'s permanent
managing conservator is overruled. 


Child Support

 Kuhns also complains that the district court erred by reducing his child support
obligation from $300 per month payable to CPS to $175 per month payable to Hart. A child
support order will not be disturbed on appeal unless the complaining party can show a clear abuse
of discretion. Worford, 801 S.W.2d at 109; Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex.
App.--Austin 1996, no writ). The district court's ruling was based on (1) what Kuhns said he
thought was reasonable; (2) his rate of pay; (3) minimum wage; and (4) Kuhns's representation
that he could afford to have the child live with him and it "would cost him at least $175 a month
extra." We conclude that Kuhns has not shown that the district court abused his discretion in
lowering Kuhns's child support obligation to $175 per month. The category of complaints
regarding child support is overruled.

Contempt