



# MEMORANDUM OPINION

No. 04-07-00781-CV

Caroline **FORD**,
Appellant

v.

**UNKNOWN PERSON** a/k/a Joseph Degerolami,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-02030
Honorable Joe Frazier Brown, Jr., Judge Presiding

PER CURIAM

Sitting:     Alma L. López, Chief Justice
             Catherine Stone, Justice
             Karen Angelini, Justice

Delivered and Filed:  August 13, 2008

DISMISSED FOR LACK OF JURISDICTION

On July 17, 2007, the trial court signed an order denying the appellant's bill of review.  The trial court's order was styled, "In the Interest of [J.D.] and [L.D.], Children."  On August 22, 2008, appellant filed a Motion to Enter Order Denying Bill of Review Nunc Pro Tunc, requesting that the trial court correct the style of its order.  On August 22, 2007, the trial court signed a *nunc pro tunc* order changing only the style of the order to: "Caroline Ford v. Unknown Person a/k/a/ Joseph Degerolami."  Appellant filed her notice of appeal on September 24, 2007.

Appellee has filed a motion to dismiss the appeal asserting that this court lacks jurisdiction to consider any complaint that could have been raised in an appeal from the original order. Appellant has filed a response to the motion, and appellee has filed a reply to the response.

Appellant's motion for a *nunc pro tunc* correction to the trial court's order did not extend the trial court's plenary power or the appellate timetables. *See Cavalier Corp. v. Store Enterprises, Inc.*, 742 S.W.2d 785, 787 (Tex. App.—Dallas 1987, writ denied); *see also* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329(g), 316. Therefore, the trial court's plenary power expired on August 16, 2007. Because the trial court signed the *nunc pro tunc* order after its plenary power had expired, "no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment."[1] TEX. R. CIV. P. 329(h). Because the issue raised in appellant's brief pertains to the original order, we lack jurisdiction to consider this appeal.[2] *See Cavalier Corp.*, 742 S.W.2d at 787 (dismissing appeal of *nunc pro tunc* judgment that corrected only the name of a party); *see also Hollins v. County of Dallas*, No. 05-05-01306-CV, 2006 WL 10095, at *1 (Tex. App.—Dallas Jan. 3, 2006, no pet.) (mem. op.); *Gonzalez v. Doctors Hospital–East Loop*, 814 S.W.2d 536, 537 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Quick Line Corp. v. Ward Jackson, Inc.*, 759 S.W.2d 192, 194-95 (Tex. App.—San Antonio 1988, no writ). Appellee's Motion to Dismiss for Lack of Jurisdiction is granted, and the appeal is dismissed for lack of jurisdiction. Costs of the appeal are taxed against appellant.

PER CURIAM

---

[1]Because the appellant's notice of appeal was filed after August 17, 2007, no appeal of the original order was timely filed. *See* TEX. R. APP. P. 26.1.

[2]Although this court issued an order on January 3, 2007, retaining the appeal on the docket of the court after considering a separate jurisdictional issue, our order does not preclude us from considering the appellee's jurisdictional challenge and dismissing the appeal if we lack jurisdiction to consider it. *See Naaman v. Grider*, 126 S.W.3d 73, 74-75 (Tex. 2003) (reversing court of appeals' judgment and dismissing appeal for lack of jurisdiction).