**Opinion issued February 23, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00500-CV

_____

**GLORIA HERNANDEZ A/N/F OF M.R., A MINOR, Appellant**

**V.**

**WADE NICHOLS BRADFORD D/B/A CHICK-FIL-A OF HWY 6 AT WEST LITTLE YORK FSU AND CHICK-FIL-A, INC., Appellees**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-08985**

---

## MEMORANDUM OPINION

This premises liability case stems from a child's fall in a Chick-fil-A restaurant. M.R., a minor, was in the children's play area when he fell and struck his head on a shoe cubby bench. Appellant Gloria Hernandez, as next friend of

M.R., filed suit against three defendants, including Appellee GCP3C Investments, LLC ("GCP3C"), alleging their negligence caused M.R.'s injuries.

Appellee GCP3C filed a traditional and no-evidence motion for summary judgment on Appellant's claims. After a hearing, the trial court granted the motion and entered a final judgment dismissing Appellant's claims against GCP3C with prejudice. On the same day the trial court issued its order, Appellant filed a motion to nonsuit her claims against GCP3C. Subsequently, GCP3C filed a motion for summary judgment *nunc pro tunc*, asking the trial court to reflect on its summary judgment order that Appellant's nonsuit against GCP3C was not filed until after the trial court granted GCP3C's motion for summary judgment. The trial court granted GCP3C's motion and entered a final judgment *nunc pro tunc*. This appeal ensued.

In one issue, Appellant argues the trial court erred in granting GCP3C's motion for summary judgment because during the hearing on the motion, Appellant announced in open court that she had nonsuited her claims against GCP3C. She also argues the trial court erred in granting GCP3C's motion for summary judgment *nunc pro tunc*.

We dismiss the appeal for want of jurisdiction.

2

## Background

M.R., a minor, was injured while playing in the children's play area of a Chick-fil-A. Appellant Gloria Hernandez ("Appellant"), as next friend of M.R., sued Wade Nichols Bradford d/b/a Chick-Fil-A of Hwy 6 at West Little York FSU ("Bradford") and Chick-fil-A, Inc. ("CFA"), alleging their negligence caused M.R.'s injuries. GCP3C, the owner of the franchise location where the accident occurred, later made an appearance as a defendant.[1]

Bradford, CFA, and GCP3C filed separate general denials and asserted various affirmative defenses. Bradford filed a Verified Denial stating he "was not a proper party to this proceeding . . . [because he] was not the owner, operator, or franchisee of the premises where this incident occurred."[2] GCP3C voluntarily appeared and filed a general denial on March 13, 2020, stating that GCP3C, and not Bradford, was the proper party to the suit. GCP3C pleaded that there was a defect in the parties because Bradford "[is] not the owner, operator or franchisee of the premises where this incident occurred." According to Appellant, she filed a

---

[1]    There is no amended pleading in the record indicating whether or when Appellant added GCP3C as a defendant. During the hearing on GCP3C's motion for summary judgment, counsel for GCP3C explained that GCP3C "voluntarily prepared an answer or we appeared because . . . we said Wade Bradford is not the right guy, GCP3C is." GCP3C filed its general denial on March 13, 2020.

[2]    Appellant identified Bradford in the original petition as the owner and operator of the restaurant where the alleged injury occurred.

3

nonsuit as to Bradford on May 25, 2020, and an amended nonsuit as to Bradford on June 25, 2020, which the trial court granted on June 26, 2020.[3]

On March 30, 2021, CFA and GCP3C filed separate motions for traditional and no-evidence summary judgment, which the trial court set for hearing on June 1, 2021.[4] Appellant states in her brief that on May 25, 2021, she filed a nonsuit as to CFA and Bradford.[5] During the summary judgment hearing on June 1, 2021, the trial court sought to clarify the status of the parties, noting that "we are here for a summary judgment . . . but a nonsuit in this matter has been filed." GCP3C explained that while Appellant had nonsuited Bradford and CFA, "there [was] no nonsuit as to GCP3C." Appellant responded that the court lacked jurisdiction to determine GCP3C's summary judgment motion because her May 25, 2021 "notice of nonsuit was for all parties that were named in the . . . Court's caption, which was Wade Nicholas Bradford, Chick-fil-A of Highway 6, and Chick-fil-A, Inc. encompassing all parties." Appellant explained:

> So that was intended to be a nonsuit for all parties including GCP3c Investments as well, so at this point the Court has no jurisdiction over this case and this case no longer needs to be heard as far as summary judgment or any other relief otherwise.

---

[3] The filed nonsuits as to Bradford and the trial court's corresponding order are not in the appellate record.

[4] The motions for summary judgment are not in the appellate record.

[5] The May 25, 2021 nonsuit and any corresponding order are not in the record.

4

GCP3C responded that no "one was ever sued as just Chick-fil-A" and that a nonsuit as to GCP3C was never filed. Appellant replied that her understanding was that GCP3C and Bradford "were together" and she had nonsuited based on the "court caption." The trial court rejected Appellant's argument noting all three defendants had filed separate answers and had been served separately, indicating Appellant understood them to be separate parties. Concluding that Appellant had not nonsuited her claims as to GCP3C, the trial court then proceeded to hear arguments on GCP3C's motion for summary judgment. At the end of the hearing, the trial court granted GCP3C's motion for summary judgment, stating that because there was no summary judgment response or evidence filed by Appellant, the court was:

> inclined to grant summary judgment for the entity GCP3C in this matter. And the Court has signed the nonsuit for the other parties as before the Court by the Plaintiffs. And the only remaining party is the party that brought the summary judgment and the Court has granted that summary judgment.

On June 1, 2021, the court memorialized its ruling in a written order, dismissing Appellant's claims against GCP3C with prejudice. The order states that Appellant's "claims against Defendant GCP3C Investments, LLC are dismissed with prejudice" and that the order "shall serve as [a] Final Take Nothing Judgment and is appealable." Appellant did not file a notice of appeal challenging the June

5

1, 2021 final judgment. Instead, on June 1, 2021, following the summary judgment hearing, Appellant filed a nonsuit as to GCP3C.

On July 27, 2021, after the trial court's plenary power expired, GCP3C filed a Motion for Judgment *Nunc Pro Tunc*, asking the trial court to:

> correct the date and time the Order granting Defendant GCP3C's Moton for Summary Judgment (the "Order") was filed and to affirmatively state the Order was granted prior to Plaintiff's Nonsuit of the same claims[.]

Appellant filed a response arguing the "case was nonsuited at the oral hearing on June 1, 2021, prior to the granting of Defendant GCP3C's Motion for Summary Judgment" and thus the court no longer had "the authority to correct supposed clerical errors."

On September 7, 2021, during the hearing on GCP3C's Motion for Judgment *Nunc Pro Tunc*, the trial court stated, "Obviously, I know I signed the [summary judgment] order during the hearing and prior to the nonsuit being filed that I'm a hundred percent certain of." The trial court further stated, "I'm inclined to grant [the Motion for Judgment *Nunc Pro Tunc*] and we'll clear it up that the Court did sign this [summary judgment] order prior to you nonsuiting this case[.]" The trial court granted GCP3C's Motion for Summary Judgment *Nunc Pro Tunc* on September 7, 2021. The judgment *nunc pro tunc* states in part:

> It is further ORDERED and DECLARED for the record that the Summary Judgment Order was granted and entered on June 1, 2021 at 2:03 p.m. Central Time, as declared on the record in open court and

6

further evidenced by the official transcript from the hearing. To the extent necessary, the Summary Judgment Order is clarified to reflect its entry date, time and chronology.

It is further ORDERED and DECLARED for the record that the Summary Judgment Order was entered and granted prior to Plaintiff filing its Notice of Nonsuit regarding its claims against Defendant GCP3C.

This appeal followed.

### Discussion

In one issue, Appellant challenges the trial court's final judgment rendered on June 1, 2021, disposing of her claims against GCP3C with prejudice. Appellant argues the trial court erred in granting GCP3C's summary judgment motion because GCP3C had been nonsuited by the time the trial court entered its summary judgment order. Although not listed as a separate issue, in her argument section of her brief, Appellant also argues the trial court erred in granting GCP3C's Motion for Summary Judgment *Nunc Pro Tunc* because the trial court did not attempt to correct a clerical error, but rather corrected a judicial error after GCP3C had been nonsuited, and thus the trial court lacked authority to grant the judgment *nunc pro tunc*.

### A. Motion to Strike

Appellant attached several appendices to her appellate brief. GCP3C moved to strike Appellant's appendices five through eleven because they are not in the appellate record. "Documents attached as exhibits or appendices to briefs do not

7

constitute formal inclusion of such documents in the record on appeal, and we cannot consider matters outside the record in our review." *Democratic Sch. Research, Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing cases); *Bell v. State for S.E.G.*, No. 08-20-00149-CV, ___ S.W.3d ___, 2021 WL 937457, at \*2 (Tex. App.—El Paso Mar. 11, 2021, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not a formal inclusion in the record on appeal and, therefore, the documents cannot be considered.") (citing cases). Because Appellant's appendices five through eleven are not in the appellate record, we may not consider them. We thus grant GCP3C's motion to strike appendices five through eleven.

## B. June 1, 2021 Final Judgment

Appellant argues the trial court erred by granting summary judgment in favor of GCP3C because she "specifically non-suited all claims against [GCP3C] on the record before the trial court granted summary judgment in favor of [GCP3C]." She argues "the trial court had no jurisdiction . . . once the nonsuit was announced[.]"

GCP3C responds that we lack jurisdiction over the appeal because Appellant failed to file a timely notice of appeal challenging the trial court's June 1, 2021 final judgment. Alternatively, GCP3C argues that because Appellant filed her nonsuit as to GCP3C after the trial court granted GCP3C's motion for summary

8

judgment, Appellant's nonsuit is treated as a nonsuit with prejudice, and she cannot complain of the trial court's final judgment. GCP3C further argues that Appellant waived her argument regarding the judgment *nunc pro tunc* because she did not adequately brief the issue on appeal. Alternatively, it argues the trial court properly granted the judgment *nunc pro tunc* because it merely remedied a clerical error.

Appellant's notice of appeal, filed on September 16, 2021, evinces her intent to appeal only the granting of the summary judgment *nunc pro tunc*. In her notice, she states she appeals from the trial court's "Order granting Defendant's GCP3C Investments, LLC's Motion for Summary Judgment Nunc Pro Tunc dated September 7, 2021." In her appellate brief, however, Appellant identifies only one issue on appeal: "Did the trial court err by granting summary judgment in favor of Appellee [on June 1, 2021] because before the trial court granted the Appellee's Motion for Summary Judgment, the Appellant announced on the record that Appellant intended to non-suit all Defendants, and specifically referring to Appellee, GCP3C Investments, LLC?" In her conclusion, Appellant states only that the trial court erred in granting the summary judgment in favor of GCP3C "because the record of the summary judgment hearing clearly established that Appellant's counsel specifically stated in open court that Appellant was nonsuiting

the Appellee" and she did so before the trial court ruled on the summary judgment motion on June 1, 2021.

To the extent Appellant seeks to appeal the trial court's final judgment dismissing her claims against GCP3C with prejudice, we lack jurisdiction. The final judgment was entered on June 1, 2021. Absent a timely filed post-judgment motion extending the appellate timetable, a notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. The appellate record does not reflect Appellant filed any post-judgment motions extending the deadline for perfecting an appeal. *See* TEX. R. APP. P. 26.1(a). Thus, to appeal the trial court's June 1, 2021 final judgment, Appellant had to file her notice of appeal within thirty days of the judgment, or by July 1, 2021. Tex. R. App. P. 26.1. Appellant did not file her notice of appeal until September 16, 2021—107 days after the trial court's final judgment and 77 days after the deadline for filing the notice of appeal. Absent a timely filed notice of appeal, we must dismiss the appeal for lack of jurisdiction. *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) ("A timely-filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal.") (citing *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997)); *Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("If the notice of appeal is untimely, the reviewing court lacks

10

jurisdiction and must dismiss the case."); *see also Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (noting that timely-filed notice of appeal invokes appellate court's jurisdiction).

The trial court's *nunc pro tunc* order signed on September 7, 2021 did not extend the time to perfect an appeal. When a judgment is modified or corrected, the time for appeal runs from the date of the modification or correction, unless the correction or modification is made after the expiration of the court's plenary power at which point "no complaint shall be heard on appeal that could have been presented in appeal from the original judgment." TEX. R. CIV. P. 329b(h); *Gonzalez v. Doctors Hosp.-E. Loop*, 814 S.W.2d 536, 537 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding *nunc pro tunc* order correcting plaintiff's name did not extend time for perfecting appeal of summary judgment); *Charles v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-06-00404-CV, 2007 WL 700841, at *1 (Tex. App.—Austin Mar. 6, 2007, pet. denied) (mem. op.) ("A nunc pro tunc order does not extend the deadlines for perfecting an appeal."). The trial court's plenary power in this case expired on July 1, 2021. Thus, the trial court's *nunc pro tunc* order signed on September 7, 2021, did not extend the timetable for Appellant to appeal the June 1, 2021 final judgment.

We lack jurisdiction to review the trial court's June 1, 2021 final judgment for a second reason, as well. Appellant's notice of appeal does not comply with

11

Texas Rule of Appellate Procedure 25.1(d)(2). A notice of appeal must "state the date of the judgment or order appealed from." TEX. R. APP. P. 25.1(d)(2). Appellant's notice of appeal refers only to the September 7, 2021 order granting GCP3C's motion for judgment *nunc pro tunc*.[6] It does not reference the June 1, 2021 final judgment. Thus, the June 1, 2021 final judgment is not before this Court. *See Thomas v. Thomas*, No. 14–02–01286–CV, 2003 WL 1088220, at *2 (Tex. App.–Houston [14th Dist.] Mar. 13, 2003, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction where appellant's notice of appeal stated she was appealing from order different than the one she argued in her brief, where both orders were final, separately appealable orders that required notices of appeal); *Perez v. Perez*, No. 09–06–521–CV, 2007 WL 5187895, at *6–7 (Tex. App.– Beaumont May 22, 2008, pet. denied) (mem. op.) (dismissing appeal of post-trial petition to modify parent-child relationship because appellant stated in notice of appeal that he was only appealing from final divorce decree).

## C. The Judgment *Nunc Pro Tunc*

After a trial court loses jurisdiction over a judgment, it can only correct clerical errors in the judgment by issuing a judgment *nunc pro tunc*. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). The trial court has plenary power to

---

[6] The notice of appeal that was forwarded to this Court by the Harris County District Clerk included a copy of the order *nunc pro tunc* but not the summary judgment order.

correct a clerical error made in entering final judgment, but it cannot correct a judicial error made in rendering a final judgment. *Id.* (citing *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56 (Tex. 1970)). A clerical error is a mistake or omission made in the entry of a judgment, while a judicial error is an error that arises from a mistake of law or fact "that requires judicial reasoning or determination to correct." *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see Hernandez v. Lopez*, 288 S.W.3d 180, 184–85 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered, and does not arise from judicial reasoning or determination. A judicial error, on the other hand, occurs in the rendering, as opposed to the entering, of a judgment. It arises from a mistake of law or fact that requires judicial reasoning to correct.") (internal citations omitted).

Whether an error in a judgment is clerical or judicial is a question of law. *Hernandez*, 288 S.W.3d at 185 (citing *Escobar*, 711 S.W.2d at 232). For a judgment *nunc pro tunc* to be properly granted, "the evidence must be clear and convincing that a clerical error was made." *Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Riner v. Briargrove Park Prop. Owners,* Inc., 976 S.W.2d 680, 683 (Tex. App. —Houston [1st Dist.] 1997, no writ)). In deciding whether an error is judicial or clerical, a trial court

13

"must look to the judgment actually rendered and not to the judgment that should or might have been rendered." *Hernandez*, 288 S.W.3d at 185 (citing *Escobar*, 711 S.W.2d at 231). The trial court can correct a final written judgment only if it incorrectly states the judgment actually rendered. *Id.* The trial court cannot change a written judgment that reflects an incorrect rendition. *Id.* A judgment rendered to correct a judicial error after the trial court's plenary power expires is void. *Id.* (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973)).

Appellant's argument regarding the trial court's September 7, 2021 judgment *nunc pro tunc* appears to be an attempt to appeal the June 1, 2021 final judgment. With respect to the judgment *nunc pro tunc*, Appellant argues only that the trial court:

> [m]ade a judicial error because it made an erroneous decision in granting summary judgment in favor of Appellee because the Appellant had already nonsuited the Appellant before the trial [court] granted summary judgment in favor of Appellee. The Appellant's nonsuit was effective the moment the Appellant's counsel announced the nonsuit in open court and on the record. At that point, the trial court lacked the power to decide the case. . . . The trial court's Order Granting Defendant, GCP3C Investments, LLC's Motion for Summary Judgment *Nunc Pro Tunc*, is a nullity because the trial court was without authority to grant such relief.

(Internal citation omitted.) This argument concerns whether the trial court erred in granting summary judgment in favor of GCP3C based on Appellant's alleged prior nonsuit of her claims against GCP3C. It does not address whether the judgment *nunc pro tunc* corrected a clerical versus judicial error.

14

Texas Rule of Appellate Procedure 38.1 requires Appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The brief does not provide a "clear and concise argument" as to how the judgment *nunc pro tunc* dealt with judicial, rather than clerical error. "If we must speculate or guess about" Appellant's contentions, her brief fails. *Amrhein v. Bollinger*, 593 S.W.3d 398, 402 (Tex. App.—Dallas 2019, no pet.) (citing *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.)). Similarly, if the brief "does not cite 'existing authority that can be applied to the facts of the case,'" Appellant's brief is inadequate. *Id.*

While Appellant cites cases to explain that a judgment *nunc pro tunc* may correct a clerical error but not a judicial error, she does not apply the law to the facts. "A brief that fails to apply the law to the facts does not comply with Rule 38.1 and presents nothing for review." *Taylor v. State*, 558 S.W.3d 215, 218 (Tex. App.—Texarkana 2018, no pet.) (citing *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003)); *see also Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding appellate issue was waived when brief did "little more than summarily state [appellant's] point of error, without citations to legal authority or substantive analysis"); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App. —Houston [14th Dist.]

2005, no pet.) (holding that "parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions"); *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("When appellants fail to discuss the evidence supporting their claim or apply the law to the facts, they present nothing for review.").

Because Appellant failed to satisfy Rule 38.1's requirement for a "clear and concise argument" explaining how the judgment *nunc pro tunc* reflected the correction of a judicial error, as opposed to a clerical error, we hold Appellant waived her issue and presented nothing for our review.

## Conclusion

We dismiss the appeal for lack of jurisdiction.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.